

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 14, 2020

**BY CM/ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Nicholas Joseph*, 20 Cr. 603 (PKC)

Dear Judge Castel:

    The Government respectfully writes to oppose Defendant Nicholas Joseph's application for bail. As further discussed below, there is no set of bail conditions that can reasonably assure the safety of the community or the defendant's appearance in Court. As a result, the Government respectfully requests that the defendant's bail application be denied.

### I.    Factual and Procedural Background

    The defendant is charged with crimes relating to his participation in a violent gang that operated in the Castle Hill Houses in the Soundview neighborhood of the Bronx (the "Castle Hill Crew"). Since at least 2014, members of the Castle Hill Crew—including the defendant—have sold narcotics in the Soundview neighborhood and defrauded financial institutions by depositing stolen and counterfeit checks into bank accounts controlled by members of the scheme. For years, the Castle Hill Crew has also been embroiled in a bitter back-and-forth violent conflict with rival gangs in the Soundview neighborhood, including a gang associated with the James Monroe Houses (the "Monroe Houses Crew"). At trial, the Government will present evidence that the Castle Hill Crew has been responsible for a series of shootings and stabbings targeting members of the Monroe Houses Crew. As further discussed below, the Government will present evidence that the defendant personally participated in a November 2015 stabbing of a rival gang member, as well as an April 2017 shooting of a rival gang member, which resulted in an innocent bystander—a 12-year old child in a playground—being shot in the stomach.

    The 20 Cr. 603 Indictment charges the defendant with participating in a racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); attempted murder, assault with a deadly weapon, and attempted assault with a deadly weapon, in violation of Title 18, United States Code, Sections 1959 and 2 (Count Two); using and carrying a firearm in furtherance of a crime of violence, which was brandished and discharged, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), (ii), (iii), and 2 (Count Three); and being a felon in

possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g).

On July 10, 2020, the defendant—a previously convicted felon who was on parole—was arrested in the vicinity of the Castle Hill Houses with a loaded Ruger Speed-Six .38 special caliber revolver. After being incarcerated for approximately 60 days as a result of the parole violation, the defendant was released on bail in the Bronx County Supreme Court in or around October 2020.

The defendant was arrested based on the charges in the 20 Cr. 603 Indictment on December 10, 2020. At the time of the arrest, law enforcement believed that the defendant could be armed based on videos that the defendant had recently posted to his social media account brandishing a silver firearm with a white handle containing a metal screw.





Shortly before the arrest, the defendant was with Malik James, another member of the Castle Hill Crew. When law enforcement officers approached the defendant, James fled and tossed a loaded silver firearm onto the ground, which closely resembles the silver firearm that the defendant brandished on social media:



The Government currently anticipates seeking a superseding indictment charging the defendant with being a felon in possession of the silver firearm recovered on December 10, 2020.

The defendant was presented before Magistrate Judge Sarah Netburn on December 11, 2020. The defendant was detained on consent without prejudice to file a future bail application. A bail hearing is currently scheduled for December 14, 2020.

Hon. P. Kevin Castel  Page 4
December 14, 2020

## II. Applicable Law

Generally speaking, a defendant must be detained pending trial if the Government can show by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). A defendant must be detained if no condition or combination of conditions can "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). In making this determination, the Court must consider: (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence…or involves…a…firearm;" (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person;" and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C § 3142(g).

In this case, however, the defendant is charged with a violation of 18 U.S.C. § 924(c), which provides for a rebuttable presumption in favor of detention under the Bail Reform Act. *See* 18 U.S.C. § 3142(e)(3)(B). Even when a defendant "has met his burden of production" to rebut the presumption favoring detention, that presumption "does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *United States* v. *Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001) (reversing bail and denying release of defendants involved in conspiracy to commit a single armed drug robbery, which never came to fruition).

## III. Discussion

The defendant's bail application should be denied because there is no set of conditions that can reasonably assure the safety of the community and the defendant's appearance in future court proceedings, especially in light of the statutory presumption in favor of detention that applies here because of the charges in this case.

*First*, the Government will prove at trial that the defendant has been actively participating in the Castle Hill Crew's criminal operations for years and has participated in numerous acts of violence, including: (1) a November 2015 stabbing of a rival gang member, which resulted in the victim suffering stab wounds to his back, neck, and head; and (2) the April 2017 shooting in the Story Avenue Playground (the "April 2017 Playground Shooting"). In particular, the danger and terror that the defendant caused by committing the April 2017 Playground Shooting cannot be overstated. The shooting occurred in broad daylight, in the middle of a playground where young children and other members of the public were present. The defendant shot a 12-year old child in the stomach, resulting in the child's hospitalization. Following the April 2017 Playground Shooting, the defendant—a convicted felon on parole—was arrested in possession of a loaded firearm in the Soundview neighborhood in July 2020. While on pretrial release most recently, the defendant then brandished a silver firearm on social media, which was recovered on the night of the defendant's arrest. In addition to these acts of violence, the Government will also prove that the defendant has been actively involved in drug trafficking and bank fraud as part of his involvement in the Castle Hill Crew. The Government's proof of the defendant's involvement in the charged offenses is very strong and derived from a variety of sources, including surveillance

video of the defendant carrying a gun-shaped object prior to the April 2017 Playground Shooting, private messages that the defendant exchanged on social media with other members of the Castle Hill Crew, a seizure of oxycodone pills and bank cards from the defendant in July 2020, and testimony from multiple cooperating witnesses about the defendant's membership in the Castle Hill Crew. Additionally, the defendant was caught red-handed in possession of a loaded firearm in July 2020, and was seen brandishing a firearm in public social media messages in December 2020. In sum, the defendant is charged with participating in criminal activities with the Castle Hill Crew for years, including multiple acts of violence. Over the last 6 months, the defendant has possessed at least two firearms, one while the defendant was on parole, and a second firearm while the defendant was on pretrial release for possession of the first firearm. Based on this record, the defendant has demonstrated that he is simply unwilling or unable to refrain from committing serious crimes while released in the community.

*Second*, the Government also respectfully submits that there is no set of conditions that can reasonably assure the defendant's appearance in Court. As a result of the serious charges in the Indictment, the defendant faces a 10-year mandatory minimum sentence. Additionally, the Government currently estimates that the Guidelines range *for the April 2017 Playground Shooting alone* would be 168 to 210 months' imprisonment, for a total of 288 to 330 months' imprisonment after incorporating the consecutive 10-year sentence for the violation of 18 U.S.C. § 924(c). Given the strength of the evidence that the defendant faces in this case, these combined penalties provide overwhelming incentives for the defendant to flee. Additionally, the defendant pleaded guilty in November 2017 to Bail Jumping in the Second Degree in Bronx County Supreme Court, in violation of New York Penal Law § 215.56, and was sentenced to a year of imprisonment. The serious charges in this case will provide even greater incentives for the defendant to flee here.

\* \* \* \* \*

For the reasons set forth above, the Government respectfully submits that the Court should deny the defendant's application for bail.

                                      Respectfully submitted,

                                      AUDREY STRAUSS
                                      Acting United States Attorney

By:    /s/ Andrew K. Chan
        Andrew K. Chan / Justin V. Rodriguez
        Assistant United States Attorneys
        Southern District of New York
        (212) 637-1072 / 2591

cc:     Counsel of record (by CM/ECF)