UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v.-

NICHOLAS JOSEPH,
      a/k/a "Gotti,"
      a/k/a "Finesse,"

             Defendant.

S1 20 Cr. 603 (PKC)

## THE GOVERNMENT'S REQUESTS TO CHARGE

AUDREY STRAUSS
United States Attorney
Southern District of New York
Attorney for the United States of America

Andrew K. Chan
Celia V. Cohen
Emily A. Johnson
Assistant United States Attorneys
    *-Of Counsel-*

## <u>TABLE OF CONTENTS</u>

<u>Request No.</u>                                                                                      <u>Page</u>

1. General Requests                                                                      4

2. Summary of Indictment                                                          6

3. Structure of Charges – Multiple Counts and Time-Frame                8

4. "Unlawfully," "Knowingly," "Willfully," and "Intentionally"         10

5. Count One: Racketeering Conspiracy—General Instructions           11

6. The Law of Conspiracy                                                            12

7. Count One: Racketeering Conspiracy—Elements                          17

8. Count One: Racketeering Conspiracy—First Element  (Existence of the Enterprise)  18

9. Count One: Racketeering Conspiracy—Second Element  (Effect on Interstate Commerce)  20

10. Count One: Racketeering Conspiracy—Third Element  (Association with the Enterprise)  21

11. Count One: Racketeering Conspiracy—Fourth Element  (Agreement to Commit a Pattern of Racketeering)  22

12. Count One: Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—Racketeering Predicates—Generally  26

13. Count One: Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—Racketeering Predicates—Acts Involving Murder in Violation of New York Law  27

14. Count One: Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—Racketeering Predicates—Bank Fraud  29

15. Count One: Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—Racketeering Predicates—Distribution of Controlled Substances  30

16. Count Two: Violent Crime in Aid of Racketeering—Elements          32

17. Count Two: Violent Crime in Aid of Racketeering — First Element   33

18. Count Two: Violent Crime in Aid of Racketeering — Second Element (Attempted Murder and Assault with a Dangerous Weapon)  34

19. Count Two: Violent Crime in Aid of Racketeering —Third Element  (Purpose to Gain Entrance or Maintain or Increase Position)                                                    36

20. Count Three: Firearms Offense—Elements                                                    37

21. Counts Three: Firearms Offense—First Element ("Using," "Carrying," or "Possessing")      38

22. Counts Three: Firearm Offense—Second Element (During and in Relation to a Crime of Violence)                                                                                      40

23. Count Three: Firearm Offense—Third Element (Knowingly and Unlawfully)        41

24. Count Three: Firearms Offense—Aiding and Abetting                                42

25. Count Three: Firearm Offense—Special Interrogatory (Discharge)                  45

26. Counts Four and Five: Unlawful Possession of a Firearm/Ammunition—Elements  46

27. Counts Four and Five: Unlawful Possession of a Firearm/Ammunition—First Element (Prior Conviction)                                                                      47

28. Counts Four and Five: Unlawful Possession of a Firearm/Ammunition—Second Element (Prior                                                                                      48

29. Counts Four and Five: Unlawful Possession of a Firearm/Ammunition—Third Element (In or Affecting Interstate or Foreign Commerce)                                            50

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v.- | S1 20 Cr. 603 (PKC) |
| NICHOLAS JOSEPH,<br>   a/k/a "Gotti,"<br>   a/k/a "Finesse," | |
| Defendant. | |

## **REQUESTS TO CHARGE**

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully submits the following proposed jury instructions. Except where noted, the following requests were adapted from the instructions given by this Court in *United States v. Arthur Nigro*, 09 Cr. 1239 (PKC) and *United States v. Vance Collins, et al.*, 19 Cr. 395 (PKC).

## **REQUEST NO. 1.**

### **General Requests**

The parties respectfully request that the Court give its usual instructions to the jury on the following matters:

a.  Function of Court and Jury

b.  Indictment not Evidence

c.  Statements of Court and Counsel not Evidence

d.  Burden of Proof and Presumption of Innocence

e.  Reasonable Doubt

f.  Government Treated Like Any Other Party

g.  Inferences

h.  Definitions and Examples of Direct and Circumstantial Evidence

i.  Credibility of Witnesses

j.  Interest in Outcome

k.  Right to See Exhibits and Have Testimony Read During

l.  Sympathy:  Oath as Jurors

m.  Improper Considerations

n.  Punishment Is Not to Be Considered by the Jury

o.  Jury's Recollection Governs

p.  Note-Taking by Jurors

q.  Verdict of Guilt or Innocence Must Be Unanimous

r.  Venue

s.  Variance in Dates

t.   Particular Investigative Techniques Not Required

u.   Law Enforcement Witnesses

v.   Defendant's Testimony / Failure to Testify [as applicable]

w.   Stipulations

x.   Charts, Maps, and Summaries

**REQUEST NO. 2.**

**Summary of Indictment**

The Indictment contains a total of five counts, or charges.  In your deliberations and in reaching your verdict, you must consider each count separately.

Count One charges the defendant with conspiracy to violate the Racketeer Influenced and Corrupt Organizations, or RICO, Act. More specifically, Count One charges that from at least in or about 2014, up to and including in or about December 2020, the defendant was a member of an enterprise, named in the Indictment as the "Castle Hill Crew," and that he agreed with others that members of the enterprise would conduct the affairs of the enterprise through acts involving murder, the distribution of controlled substances, and bank fraud.

Count Two charges that on or about April 28, 2017, the defendant, to maintain and increase his position in the Castle Hill Crew, assaulted and attempted to murder, and willfully caused the assault and attempted murder, of a rival gang member in the vicinity of the Story Playground in the Soundview neighborhood in the Bronx, during which a twelve-year old victim was shot.

Count Three charges that on or about April 28, 2017, the defendant used and aided and abetted the use of a firearm during and in relation to the assault and attempted murder charged in Count Two.

Count Four charges that on or about July 10, 2020, the defendant, knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm and ammunition that had been previously shipped and transported in interstate commerce.

Count Five charges that from in or about November 2020, up to and including in or about December 2020, the defendant, knowing he had previously been convicted of a crime punishable

by a term of imprisonment exceeding one year, knowingly possessed a firearm and ammunition that had been previously shipped and transported in interstate commerce.

## REQUEST NO. 3.

### Structure of Charges – Multiple Counts and Time-Frame

A few observations are in order following my summary of the Indictment. The Indictment before you contains a total of five charges, or counts. Each count of the Indictment relates to a different alleged crime.

As it is entitled to do, the Government has brought charges against the defendant under more than one criminal statute. A consequence of the Indictment containing charges brought under multiple statutes is that you will need to be instructed on the legal elements and principles applicable to each statute and theory of liability.

You must weigh the evidence as to the defendant separately for each count and determine whether the Government has carried its burden of proof with respect to that charge. Your verdict as to the defendant on any count should not control your decision as to any other count. I will provide you with a verdict form, and you will need to report the results of your deliberations on each count on the verdict form. To do so, you will need to keep track during your deliberations of which charge you are considering and the legal elements applicable to the charge.

In a few moments, I will instruct you on the elements of each of the charged offenses. I will provide you with all relevant definitions and all relevant legal principles. In other words, I will provide you with all the instructions you need to decide whether the Government has proven beyond a reasonable doubt each of the necessary elements on each of the charges in the Indictment.

During your deliberations, you will have a copy of the Indictment to reference as you deem necessary. You also will have a copy of my instructions.

Before I describe the specific elements of the alleged offenses, I should draw your attention to the fact that it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the date established by testimony or exhibits.  Further, it is not required that the defendant committed a charged crime throughout the entire time period charged in a particular count; it is sufficient for the Government to prove beyond a reasonable doubt that at some time during the period charged in the Indictment, the defendant participated in the charged crime

<u>**REQUEST NO. 4.**</u>

**"Unlawfully," "Knowingly," "Willfully," and "Intentionally"**

Throughout these instructions, I will use the terms "Unlawfully," "Knowingly," "Willfully," and "Intentionally."

"Unlawfully" simply means contrary to law. A defendant does not need to have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

The terms "knowingly," "willfully," and "intentionally," mean that a defendant knew what he was doing; in other words, that the defendant took the actions in question deliberately and voluntarily. An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you the evidence of acts alleged to have been taken by or with the defendant or in his presence. A defendant's knowledge is a matter of inference from the facts proved.

## REQUEST NO. 5.

### Count One: Racketeering Conspiracy—General Instructions

Count One alleges that the defendant conspired to violate the RICO statute, which, in essence, makes it a crime for a person to participate in the conduct of an enterprise's affairs through a pattern of certain violations of law known as "racketeering acts." These alleged violations, or racketeering acts, may be violations of federal or state law, and I will discuss them shortly.

The word "racketeering" may have certain implications in our society. Do not infer anything from it. The use of the term in the applicable statute and here in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of the defendant has been proven beyond a reasonable doubt. The term is merely a term used by Congress to describe the statute.

## REQUEST NO. 6.

### The Law of Conspiracy

I will begin by instructing you on the law of conspiracy.  A conspiracy is a kind of criminal partnership – an agreement of two or more persons to join together to accomplish some unlawful purpose.

Conspiracy simply means agreement, and the crime of conspiracy to violate a federal law is an independent offense, separate and distinct from the actual violation of any specific federal laws. Such actual violations are called "substantive crimes." You may find a defendant guilty of the crime of conspiracy even if you find that the substantive crimes which were the objects of the conspiracy were never actually committed. Congress has deemed conspiracy, standing alone, a separate crime, even if the conspiracy is not successful.

To sustain its burden of proof with respect to the RICO conspiracy, the Government must prove beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged in Count One– that is, the existence of an agreement or understanding to violate the federal racketeering laws; and

Second, that the defendant knowingly became a member of the conspiracy, with intent to further its illegal purpose – that is, with the intent to achieve the illegal object of the charged conspiracy.

To prove the existence of a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a formal agreement, orally or in writing, stating that they have formed a conspiracy to violate the law and spelling out all the details. Common sense tells you that when people agree to enter into a criminal conspiracy, much is left

to unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.

To show that a conspiracy existed, the evidence must show beyond a reasonable doubt that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. In addition, in determining whether such an agreement existed, you may consider direct as well as circumstantial evidence.  The old adage, "actions speak louder than works," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, that conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof.

In deciding whether the alleged conspiracy, in fact, existed, you may consider all the evidence of acts, conducts and declarations of the alleged conspirators and the reasonable inferences to be drawn from such evidence. If, upon consideration of all evidence, direct and circumstantial, you find beyond a reasonable doubt that two or more persons had a meeting of the minds, that is, they agreed to work together in furtherance of the unlawful scheme, then the proof of the existence of the conspiracy is established.

If you are satisfied that the conspiracy existed, you must next ask yourselves, who are the members of that conspiracy?  In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant willfully and voluntarily joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific

intention of furthering its objective?  I have previously defined for you the terms "unlawfully," willfully," and "intentionally," and you should apply those definitions here.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy for you to infer knowledge on his part. To have guilty knowledge, a defendant need not know the full extent of the conspiracy, to know every other member of the conspiracy, or to know all of the activities of all of its participants.

Neither is it necessary for a defendant to receive any monetary benefit from his participation in a conspiracy or to have a financial stake in the outcome. It is enough that he participated in that conspiracy intentionally and knowingly as I have defined those terms.

The duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt. He need not have joined the conspiracy at the outset. He may have joined it at any time in its progress, and he will still be held responsible for all that was done before he joined, and all that was done during the conspiracy's existence while he was a member, as long as you find that he joined the conspiracy with knowledge as to its general scope and purpose. Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles.  An equal role is not what the law requires. Even a single act may be sufficient to draw a defendant within the scope of a conspiracy.

However, a defendant's mere presence at the scene of a crime does not, by itself, make him a member of a conspiracy. Similarly, a person may know, assemble with, or be friendly with one or more members of a conspiracy without being a conspirator himself. Mere similarity of conduct, or the fact that a defendant may have discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. I also want to caution you that mere

knowledge or acquiescence without participation in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant without knowledge merely happened to further the purpose or objectives of a conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant participated with knowledge of at least some of the purposes or objectives of the conspiracy, and with the intention of aiding in the accomplishment of those unlawful acts.

In determining the factual issues before you, you may consider as evidence against the defendant the acts and statements of those who were his co-conspirators. The reason for this rule has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each member becomes an agent for the other conspirators in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.[1]

If you find, beyond a reasonable doubt, that the defendant was a member of the charged conspiracy, then any acts done or statements made in furtherance of that conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant. This is so even if the acts were done or statements made in the defendant's absence and without his knowledge. But before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements

[1] This paragraph is adapted from the charge given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019).

made by someone whom you do not find to have been a member of the conspiracy, or if they were

not said or done in furtherance of the conspiracy, then they may not be considered by you as

evidence against the defendant.[2]

---

[2] This paragraph is adapted from the charge given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019).

**REQUEST NO. 7.**

**Count One: Racketeering Conspiracy—Elements**

For Count One, the Government must prove beyond a reasonable doubt each of the following elements:

First, that the enterprise alleged in the Indictment existed;

Second, that the enterprise affected, or would affect, interstate commerce;

Third, that the defendant was employed by or associated with the enterprise; and

Fourth, that the defendant willfully and knowingly agreed with at least one other person to participate, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity – that is, agreed that the defendant or his co-conspirators would commit at least two acts of racketeering.[3]

---

[3] *See also* the charges given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019) and *United States v. Johnson*, 16 Cr. 281 (PGG) (S.D.N.Y. 2019).

## REQUEST NO. 8.

**Count One: Racketeering Conspiracy—First Element
(Existence of the Enterprise)**

The first element the Government must prove with respect to Count One is that the enterprise alleged in the Indictment—the Castle Hill Crew—existed.

Under the RICO statute, an enterprise must have a purpose or purposes, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose or purposes.[4]

An enterprise does not have to be registered or licensed as an enterprise. Nor does it have to be a commonly-recognized legal entity, such as a corporation, a trade union, or a partnership. The statute makes clear that an enterprise may be "a group of individuals who are associated in fact, although not a legal entity." This group may be organized for a legitimate and lawful purpose, or may be organized for an unlawful purpose. Such a group need not have a hierarchical structure or a "chain of command."[5] Members of the group need not have fixed roles and different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies.[6] Thus, an enterprise may be a group of people informally associated together for the common purpose of engaging in a course of conduct.

In addition to having a common purpose, this group of people must have a core of personnel who function as a continuing unit.

Furthermore, the enterprise must continue to exist in substantially similar form throughout the period charged. This does not mean that the membership must remain the same.

---

[4] *Boyle v. United States*, 556 U.S. 938, 946 (2009).
[5] *Id.*
[6] *Id.*

Members of the organization can change and participants in its affairs may come and go, but the enterprise must have a recognizable core that continues during a substantial period of time within the time frame charged in the indictment.

The existence of an enterprise may be proven by what it does. Thus, you may rely on proof of the various racketeering acts charged in the indictment, which I will discuss in a few moments, to establish the existence of the charged enterprise.[7] While the same evidence may prove both the racketeering acts and the existence of the organization, you should keep in mind that those are distinct concepts.

In summary, if you find that this was a group of people characterized by (1) a common purpose or purposes, (2) an ongoing formal or informal organization or structure, and (3) core personnel who functioned as a continuing unit during a substantial period within the time frame charged in the Indictment, then you may find that an enterprise existed.

---

[7] Adapted from the charge given in *United States v. Johnson*, 16 Cr. 281 (PGG) (S.D.N.Y. 2019); *see also United States v. Coonan*, 938 F.2d 1553, 1560 (2d Cir. 1991).

## REQUEST NO. 9.

### Count One: Racketeering Conspiracy—Second Element
### (Effect on Interstate Commerce)

The second element that the Government must prove with respect to Count One is that the enterprise engaged in interstate commerce or that its activities affected interstate commerce.

All that is necessary is that the enterprise or the racketeering activities of its members affected interstate commerce in some minimal way. The effect need not be substantial; even a minimal effect is enough. Nor is it necessary that the effect on interstate commerce have been adverse. It is not necessary to prove that the acts of the defendant affected interstate commerce as long as the acts of the enterprise itself had such an effect. It is sufficient, for example, if, in the course of the racketeering activities, members of the enterprise trafficked in narcotics, traveled interstate themselves, or used telephone or internet facilities interstate.[8] All narcotics activity, even purely local activity, has an effect on interstate commerce, so if you find that members of the enterprise trafficked in narcotics as part of their membership in the enterprise, you may find this element satisfied.[9]

Finally, the Government is not required to prove that the defendants knew the enterprise was affecting interstate commerce. All that is necessary is that you find beyond a reasonable doubt that the activities of the enterprise affected interstate commerce in some minimal way.

---

[8] *See* the charges given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019) and *United States v. Johnson*, 16 Cr. 281 (PGG) (S.D.N.Y. 2019).
[9] *Id.*

## REQUEST NO. 10.

### Count One: Racketeering Conspiracy—Third Element
### (Association with the Enterprise)

The third element that the Government must prove with respect to Count One is that the defendant was associated with or employed by the enterprise.

It is not required that the defendant held any particular position in the enterprise, but rather that the defendant knowingly participated in, or associated with, the enterprise in some manner.  Nor is it required that the defendant was associated with or employed by the enterprise for the entire time that the enterprise existed. It is required, however, that the Government prove that at some time during the period indicated in the Indictment, the defendant was associated with or was employed by the enterprise.

A defendant cannot be associated with or employed by an enterprise if he does not know of the enterprise's existence or the nature of its activities. Thus, to prove this element, the Government prove beyond a reasonable doubt that the defendant knew of the existence of the enterprise and of the general nature of its activities, and was connected to the enterprise in some meaningful way.

However, to prove that a defendant was employed by or associated with an enterprise, it is not necessary to prove that the defendant had a formal position in the enterprise, participated in all the activities of the enterprise, had full knowledge of all the details of the enterprise's activities, or even knew all the other members of the enterprise.[10]

---

[10] *See* the charge given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019); *see also United States v. Rastelli*, 870 F.2d 822, 828 (2d Cir. 1989) (collecting cases); *accord United States v. Applins*, 637 F.3d 59, 75 (2d Cir. 2011); *United States v. Yannotti*, 541 F.3d 112, 122 (2d Cir. 2008); *United States v. Zichettello*, 208 F.3d 72, 99-100 (2d Cir. 2000).

**REQUEST NO. 11.**

**Count One: Racketeering Conspiracy—Fourth Element
(Agreement to Commit a Pattern of Racketeering)**

The fourth element that the Government must prove with respect to Count One is that the defendant knowingly and willfully agreed to participate, either directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

Let me start by defining the term "pattern of racketeering activity". A pattern of racketeering activity requires at least two acts of racketeering committed, or intended to be committed, by the defendant himself or by a coconspirator within ten years of each other.

The acts forming the required pattern of racketeering must have a meaningful connection to the enterprise and must have the same or similar purposes, results, participants, victim, or methods of commission, or be otherwise interrelated by distinguishing characteristics and not be merely isolated events.[11] Two racketeering acts may be related even though they are dissimilar or not directly related to each other, provided that the racketeering acts are related to the same enterprise.[12] For example, the requisite relationship between the enterprise and a racketeering act may be established by evidence that the defendant was enabled to commit the racketeering act solely by virtue of his position in the enterprise or involvement in or control over its affairs, or by evidence that the defendant's position in the enterprise facilitated his commission of the racketeering act, or by evidence that the racketeering act benefitted the enterprise, or by evidence

---

[11] *See* the charge given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019); *see also United States v. Locascio*, 6 F.3d 924, 943 (2d Cir. 1993); *United States v. Minicone*, 960 F.2d 1099, 1106 (2d Cir. 1992).
[12] *Id.*

that the racketeering act was authorized by the enterprise. or by evidence that the racketeering act promoted or furthered the purposes of the enterprise.[13]

The acts forming the required pattern of racketeering must also amount to, or pose a threat of, continued criminal activity. A series of criminal acts amounts to, or poses a threat of, continued criminal activity if the acts were committed to further the goals of a long-term association that existed for criminal purposes or when the racketeering acts are shown to be the regular way of conducting the affairs of the enterprise.[14]  Further, in determining whether the Government has proven the threat of continued unlawful activity, you are not limited to consideration of the specific racketeering acts that the defendant himself is alleged to have committed; rather, in addition to considering such acts, you may also consider the nature of the enterprise and other unlawful activities of the enterprise and its members viewed in their entirety, whether or not those activities are specifically charged in the Indictment.[15]

In deciding whether the Government has proved that the defendant knowingly and willfully agreed to participate, either directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, your focus should be on the defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on the defendant's agreement to personally commit individual acts of racketeering. The Government must prove that the defendant participated in some manner in the overall objective of the conspiracy, and that the conspiracy involved, or would have involved,

---

[13] *Id.*
[14] *See* the charges given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019) and *United States v. Johnson*, 16 Cr. 281 (PGG) (S.D.N.Y. 2019); *see also H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 242-43 (1989).
[15] *See* the charge given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019); *see also H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 242-43 (1989).

the commission of two racketeering acts that constituted, or would constitute, a pattern of racketeering.[16] The Government is not required to prove either that the defendant agreed to personally commit two racketeering acts or that he actually committed two such acts, although you may conclude that he agreed to participate in the conduct of the enterprise from proof that he agreed to commit or actually committed such acts.[17]  At bottom, the Government must prove that the defendant agreed to participate in the enterprise with the knowledge and intent that at least one member of the racketeering conspiracy, which could be the defendant himself or a co-conspirator, would commit at least two racketeering acts in the conduct of the affairs of the enterprise and that those acts would constitute a pattern of racketeering activity as I have defined those terms for you.[18]

Let me also make clear that an enterprise is not the same thing as the pattern of racketeering activity.[19] As I have mentioned, the enterprise in this case is alleged to be a group of individuals who associated together for a common purpose of engaging in a course of conduct. A pattern of racketeering activity, on the other hand, is a series of criminal acts.[20] The existence of the enterprise is proven by evidence of an ongoing organization, formal or informal, with a common purpose and by evidence that various core personnel of the group functioned as a continuing unit.[21] The pattern of racketeering activity, on the other hand, is proven by evidence of a minimum of two acts of racketeering that participants in the enterprise agreed to commit, committed, or aided and

---

[16] *See* the charge given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019)
[17] *Id.*
[18] *Id.*
[19] *See* the charges given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019) and *United States v. Johnson*, 16 Cr. 281 (PGG) (S.D.N.Y. 2019).
[20] *Id.*
[21] *Id.*

abetted.[22] The proof used to establish the existence of the enterprise and the pattern of racketeering activity may be the same or overlapping.[23] For example, if you find that an ongoing enterprise existed, the existence of this enterprise may help establish that the separate racketeering acts were part of a "pattern" of continuing criminal activity.[24] Nevertheless, you should bear in mind that proof of an enterprise does not necessarily establish proof of a pattern of racketeering activity, and vice versa.[25] The enterprise and the defendant's agreement to participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity are separate elements that must be proven by the Government.[26]

Finally, although you need not decide whether the defendant agreed to the commission of any particular racketeering act in order to convict him of the RICO conspiracy offense charged in Count One, you must be unanimous as to which type or types of racketeering activity the defendant agreed would be committed; for example, two acts of murder or attempted murder, two acts of drug trafficking, two acts of bank fraud, or any combination thereof.[27]

Now, let me turn to substantive law of each of those types of racketeering activity.

---

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

## REQUEST NO. 12.

**Count One: Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—
Racketeering Predicates—Generally**

For the purposes of Count One, the Indictment alleges that the following categories of

criminal violations were intended to be committed as part of the RICO conspiracy:

    a.   Multiple acts involving murder, in violation of New York law;

    b.   Multiple acts involving bank fraud, in violation of Title 18, United States Code,
        Section 1344; and

    c.   Multiple offenses involving the distribution of controlled substances, including
        marijuana, oxycodone, alprazolam, crack cocaine, and heroin, in violation of Title
        21, United States, Code, Sections 841(a)(1).

In a moment, I will instruct you on the substantive law of each of these offenses. Before I

do, let me remind you that the Government must prove beyond a reasonable doubt that the

defendant agreed that either he or a co-conspirator would commit two acts in violation of these

statutes within ten years of each other as part of the charged RICO conspiracy. As I have said,

the Government need not prove that the defendant himself committed or agreed to personally

commit any of these offenses.

You also will note that, for some of the charged categories of predicate offenses, the

Indictment charges a violation of more than one statute. I instruct you that, in order to find a that

a given predicate offense was an object of the charged RICO conspiracy, you need not find that

the object of the conspiracy involved violations of all the listed statutes; rather, you need only

find that the object of the conspiracy involved the violation of at least one of the specified

statutes, but for each defendant, you must be unanimous as to which one or ones.

**REQUEST NO. 13.**

**Count One: Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—
Racketeering Predicates—Acts Involving Murder in Violation of New York Law[28]**

Count One of the Indictment alleges that one of the categories of criminal violations that was committed or was intended to be committed as part of the RICO conspiracy was acts involving murder in violation of New York law – that is, murder and attempted murder.

To prove that an individual committed murder under New York law, the Government must prove the following two elements:

First, that the individual caused the death of the victim, or aided and abetted the same; and

Second, that the individual did so with the intent to cause the death of the victim or another person.

An individual intends to cause the death of another person when his conscious objective is to cause the death of that person. To prove that an individual caused a victim's death, the Government must prove that the individual's conduct was a sufficiently direct cause of the death of the victim or a reasonably foreseeable result of that conduct. Intent does not require premeditation or advance planning, but the intent to cause death must exist at the time the individual engages in the acts that cause death.

New York law provides that a person is guilty of an attempt to commit a crime – here, murder – when, with intent to commit that crime, he engages in conduct which tends to bring about the commission of such crime. To prove that an individual attempted to commit murder under New York law, the Government must prove the following two elements:

---

[28] This entire instruction is adapted from the charges given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019) and *United States v. Johnson*, 16 Cr. 281 (PGG) (S.D.N.Y. 2019).

First, that the individual intended to kill another person; and

Second, that the individual attempted to cause the death of that person, meaning that the individual engaged in conduct which tended to cause the death of another person

One is not guilty of an attempt to commit murder under New York law until he is on the verge of committing it. Mere preparation is not sufficient. The acts committed by the individual, or those he is aiding and abetting, are required to carry the project forward within dangerous proximity of the criminal end to be attained.

You may find that the RICO conspiracy included acts involving murder either because you find that the Defendant agreed that he or a co-conspirator would commit or attempt to commit an act constituting murder under New York law or because you find that he agreed that he or a co-conspirator would assist, or aid and abet, a third party in doing so.

New York law on aiding and abetting provides as follows: when one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.  Under that definition, mere presence at the scene of a crime, even with knowledge that the crime is taking place, (or mere association with a perpetrator of a crime), does not by itself make a Defendant criminally liable for that crime.

To be held criminally liable under New York aiding and abetting law for the conduct of another that constitutes an offense, an individual must have solicited, requested, commanded, importuned, or intentionally aided another person to engage in that conduct, and must have done so  and with the state of mind required for the commission of the offense.

## REQUEST NO. 14.

### Count One: Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)— Racketeering Predicates—Bank Fraud[29]

Count One of the Indictment alleges that one of the categories of criminal violations that was committed or was intended to be committed as part of the RICO conspiracy was bank fraud in violation of federal law, specifically Title 18, United States Code, Section 1344.

To prove that an individual committed bank fraud, the Government must prove the following three elements:

First, that there was a scheme to defraud a bank;

Second, that the individual executed or attempted to execute the scheme with the intent to defraud the bank; and

Third, that at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation.

A scheme to defraud a bank is a pattern or course of conduct that is designed to deceive a bank into releasing money or property, with the intent to expose the bank to actual or potential loss. A scheme to defraud can be accomplished through trickery, deceit, deception, or swindle. It may involve intentional misrepresentation and false suggestion, or suppression, or concealment of the truth.  The government need not prove that the bank actually lost money on a mortgage. And, likewise, it is not necessary for the government to establish that the defendant actually realized any gain from the scheme. The success of a scheme to defraud is irrelevant; what matters is whether it existed.[30]

---

[29] Adapted from 2 Modern Federal Jury Instructions-Criminal P 44.02.
[30] This paragraph adapted from the charge given in *United States v. Cherico*, 08 Cr. 786 (CM) (S.D.N.Y. 2011).

**REQUEST NO. 15.**

**Count One: Racketeering Conspiracy—Fourth Element (Pattern of Racketeering)—
Racketeering Predicates—Distribution of Controlled Substances**

Count One of the Indictment alleges that one of the categories of criminal violations that was committed or was intended to be committed as part of the RICO conspiracy was the distribution of controlled substances, including marijuana, oxycodone, alprazolam, crack cocaine, and heroin, in violation of Title 21, United States, Code, Sections 841(a)(1).

In order to prove that a person distributed, or possessed with intent to distribute, a controlled substance, the Government must prove the following three elements:

First, that the person distributed a controlled substance, or possessed a controlled substance with the intent to distribute it;

Second, that person did so intentionally and knowingly; and

Third, that the substance involved was in fact a controlled substance. You are instructed that marijuana, oxycodone, alprazolam, crack cocaine, and heroin are "controlled substances" under federal law.

Let me now define some of these terms for you.

*"Possession"*

The legal concept of "possession" may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession – that is, having physical custody or control of an object, as I possess this pen. If you find that the person had the controlled substance on his person, then you may find that he had possession of it. A person, however, need not have actual, physical possession – that is, physical custody of an object – to be in legal possession of it. If a person has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody, and that person has

the intent to exercise such control, then the person is in possession of that object. This is called "constructive possession."

More than one person can have control over the same narcotics. In addition, possession and ownership are not the same. A person can possess an object and not be the owner of the object.

The word "distribution" means the actual, constructive, or attempted transfer of a controlled substance. To "distribute" means to deliver, pass, or hand over something to another person, or cause something to be delivered, passed on, or handed over to another person. Distribution does not require a sale.

To "possess with intent to distribute" simply means to have or control a controlled substance with the intention or purpose to "distribute" it to another person or persons. As I explained, to "distribute" means simply to transfer to another.

I have previously defined "knowingly" and "intentionally", and you should apply those definitions here.

I have already instructed you generally as to the meaning of attempt and aiding and abetting under federal law, and you should apply those instructions here.

## **REQUEST NO. 16.**

### **Count Two: Violent Crime in Aid of Racketeering—Elements**

Count Two charges the defendant with attempted murder and assault with a dangerous weapon, and willfully causing the same, in aid of racketeering, in connection with the April 28, 2017 shooting at the Story Playground.

For Count Two, the Government must prove beyond a reasonable doubt each of the following elements:

First, that the enterprise charged in Count One existed, that it engaged in racketeering activity, and that it engaged in or its activities affected interstate commerce;

Second, that the defendant committed attempted murder or assault with a dangerous weapon, or willfully causing the same; and

Third, that the defendant's general purpose in committing this offense was to gain entrance to the enterprise or to maintain or increase his position in the enterprise.

## **REQUEST NO. 17.**

### **Count Two: Violent Crime in Aid of Racketeering — First Element**

The first element that the Government must prove with respect to Count Two is that the enterprise charged in Count One existed, that it engaged in racketeering activity, and that it engaged in or its activities affected interstate commerce. I have already explained these concepts in connection with Count One.  If, after applying those instructions, you find that the enterprise alleged in Count One did not exist, did not engage in racketeering activity, or that its activities did not affect interstate commerce, then you need not consider Count Two any further, since the defendant then cannot be guilty of that count. If, however, you find beyond a reasonable doubt that the enterprise did exist, that it did engage in racketeering activity, and that its activities affected interstate commerce, then you must go on to consider the second and third elements of Count Two.

## REQUEST NO. 18.

### Count Two: Violent Crime in Aid of Racketeering — Second Element (Attempted Murder and Assault with a Dangerous Weapon)

The second element that the Government must prove with respect to Count Two is that the defendant committed attempted murder or assault with a dangerous weapon, or willfully caused the same.

I have already instructed you on the elements of attempted murder, and you should apply those instructions here.

A person is guilty of assault with a dangerous weapon if the Government proves beyond a reasonable doubt the following two elements[31]:

First, that the individual intended to cause physical injury to another person; and

Second, that in accordance with that intent, the individual caused physical injury to that person, or to a third party, by means of a dangerous weapon.

A person intends to cause physical injury to another person when his conscious objective is to cause physical injury to another person. It is not required that the person who is injured be the same person who was intended to be injured.

"Physical injury" means impairment of a person's physical condition or substantial pain.

A "dangerous weapon" is any loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged. For a firearm to be considered a "dangerous weapon," it must be loaded and operable, although there is no

---

[31] The proposed assault instructions are adapted from the charges given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019) and *United States v. Johnson*, 16 Cr. 281 (PGG) (S.D.N.Y. 2019); *see also* CJI2d[NY] PENAL LAW § 120.05; *United States v. Acosta*, 833 F. App'x 856, 863 (2d Cir. 2020) ("The doctrine of transferred intent permits the jury to attribute or 'transfer' the intent to kill, when a defendant shoots at one person with intent to kill, but inadvertently kills another person."); *United States v. Rahman*, 189 F.3d 88, 141 (2d Cir. 1999) (discussing transferred intent).

requirement that the defendant knew it was loaded or operable at the time he possessed it. Loaded means that the firearm is loaded with ammunition that may be used to discharge such firearm.

The defendant need not himself have committed attempted murder or assault with a dangerous weapon.[32]  If you find that the defendant willfully caused another person to commit attempted murder or assault with a dangerous weapon, then this element satisfied.  I will now define for you what it means to willfully cause a crime.  The definition can be found in the answer to these two questions:  Did the defendant intend to cause the death of, or physical injury to, another person? Did the defendant intentionally cause another person to cause the death of, or physical injury to, another person?  If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes," then the defendant is guilty attempted murder or assault with a dangerous weapon, as the case may be, just as if he himself had actually committed the crime.

---

[32] The entire "willfully caused" instruction is adapted from 1 Modern Federal Jury Instructions-Criminal P 11.02 (2021); *see also United States v. Concepcion*, 983 F.2d 369, 383-84 (2d Cir. 1992).

### **REQUEST NO. 19.**

**Count Two: Violent Crime in Aid of Racketeering —Third Element
(Purpose to Gain Entrance or Maintain or Increase Position)**

The third element the Government must prove with respect to Count Two is that the defendant's purpose in committing the underlying crime was to gain entrance to the charged enterprise, or to maintain or increase his position within that enterprise. Your focus on this element is on the general purpose of the defendant. The Government does not need to prove that gaining entrance to or maintaining or increasing position in the enterprise was that person's sole or principal motive so long as one of those purposes was a substantial motivating factor in his decision to participate in the underlying crime or crimes. For example, this element is satisfied if you find that the person committed the underlying crime because he knew it was expected of him by reason of his membership in or association with the enterprise or because it would maintain or enhance his position or prestige in the enterprise. This element could also be satisfied if you find that the person committed the underlying crime to enhance his reputation within the enterprise, or to avoid losing power or prestige within the enterprise. This list of examples is not exhaustive.

## REQUEST NO. 20.

### Count Three: Firearms Offense—Elements

Count Three charges the defendant with knowingly using and carrying a firearm during and in relation to the assault and attempted murder charged in Count Two.  For Count Two, the Government must prove beyond a reasonable doubt each of the following elements

First, that on or about the date alleged in the Indictment, the defendant used or carried or possessed a firearm;

Second, that on that occasion, the defendant used or carried the firearm during and in relation to a crime of violence, or possessed the firearm in furtherance of that crime; and

Third, that the defendant acted knowingly and unlawfully.

### REQUEST NO. 21.

**Counts Three: Firearms Offense—First Element ("Using," "Carrying," or "Possessing")**

The first element the Government must prove for Count Three is that on or about the date set forth in the Indictment, the defendant used or carried or possessed a firearm.

#### "Firearm"

A firearm means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. A gun meets the statutory definition of a firearm. It does not matter whether the gun was loaded or operable at the time of the crime.

#### "Use"

"Use" of a firearm means an active employment of the firearm by the defendant. This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that others present know that the defendant has the firearm available if needed all constitute use of the firearm. But the mere possession of a firearm at or near the site of the crime without active employment as I just described it is not sufficient to constitute use of the firearm.

#### "Carry"

"Carrying" a firearm is different from "using" it. While "use" requires active employment of a firearm, "carrying" does not. A person "carries" a firearm when he knowingly holds, moves, conveys, or transports it in some manner on his person, in a bag or other container, or in his vehicle.

#### "Possess"

Possession of a firearm means that the defendant either had physical possession of the firearm on his person or that he had dominion and control over the place where the firearm was located and had the power and intention to exercise control over the firearm. Mere presence in a

place where a firearm is located is not enough. A person need not have physical custody of an object to be in legal possession of it, so long as he has the ability to exercise substantial control over an object and the intent to exercise such control, and the firearm is immediately available to him.

## REQUEST NO. 22.

### Counts Three: Firearm Offense—Second Element (During and in Relation to a Crime of Violence)

The second element that the Government must prove with respect to Count Three is that the defendant used or carried a firearm during and in relation to a crime of violence or possessed a firearm in furtherance of such a crime. The crime charged in Count Two qualifies as a crime of violence.

The phrase "during and in relation to" should be given its ordinary meaning.

"Possessed a firearm in furtherance of a crime" requires both that the defendant had possession of the firearm – either physically or because it was within his dominion and control – and that such possession helped forward, advance, or promote the commission of the crime, or was an integral part of the crime. The mere possession of the firearm at the scene of the crime is not sufficient under this definition. The firearm must have played some essential part in furthering the crime for this element to be satisfied on the basis of the defendant's possession of the firearm.

## REQUEST NO. 23.

**Count Three: Firearm Offense—Third Element (Knowingly and Unlawfully)**

The third element the Government must prove with respect to Count Three is that the defendant knew that he was using, carrying, or possessing a firearm during and in relation to the underlying crime, or knew that he was possessing a firearm in furtherance of the underlying crime, and that he acted unlawfully and knowingly in doing so. I have already defined "unlawfully" and "knowingly."

To satisfy this element, you must find that the defendant had knowledge that what he was carrying or using or possessing was a firearm as that term is generally used. The Government must also prove that the defendant knew what he was doing – that he knew that he was carrying or using a firearm during and in relation to the commission of acts that constitute a crime of violence. It is not necessary, however, for the Government to prove that the defendant knew that he was violating any particular law.

## REQUEST NO. 24.

### Count Three: Firearms Offense—Aiding and Abetting[33]

A person who does not personally use, carry, or possess a firearm during and in relation to a crime of violence may nonetheless be found guilty if he aided and abetted another in doing so.

Under the federal aiding and abetting statute, "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." In other words, a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person. But if you do find that a crime was committed, then you must consider whether the Defendant you are considering aided or abetted the commission of the crime.

To aid or abet another to commit a crime, it is necessary that the defendant knowingly associated himself in some way with the crime charged, and that he knowingly committed some act to contribute to the success of the crime. A person acts knowingly if he acts voluntarily and deliberately and not because of a mistake or accident, mere negligence, or other innocent reason

The Government must prove beyond a reasonable doubt that the defendant engaged in some affirmative conduct for the specific purpose of bringing about the crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by that defendant that a crime is being committed, or the mere acquiescence by a

---

[33] Adapted from the charge given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019).

defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. To be found guilty, the Government must prove that an aider and abettor took some conscious action that furthered the commission of the crime, and that he did so with the intent to bring about the crime. To determine whether the defendant aided and abetted a crime, ask yourself: Did he participate in the crime charged as something he wished to bring about? Did he associate himself with the criminal venture knowingly? Did he seek by his actions to make the criminal venture succeed? If so, then the defendant is an aider and abettor, and therefore guilty of the offense. If not, then the defendant is not an aider and abettor, and therefore not guilty under an aiding and abetting theory.

To convict the defendant of the firearms offense charged in Count Three on an aiding and abetting theory, you must also find that the defendant had advance knowledge that a participant in the crime of violence would use, carry, or possess a firearm in furtherance of that crime. Advance knowledge means knowledge at a time when the defendant can attempt to alter the plan or withdraw from it. Knowledge of the gun may, but does not have to, exist before the underlying crime is begun. It is sufficient if the knowledge is gained in the middle of the underlying crime, so long as the defendant continues to participate in the crime and has a realistic opportunity to withdraw from it. You may, but need not, infer that the defendant had sufficient foreknowledge if you find that the defendant continued his participation in the crime after learning about the use, carrying, or possession of a gun by a co-conspirator.

In other words, as to aiding and abetting the offense charged in Count Three, the Government must prove beyond a reasonable doubt that the defendant facilitated either the use, carrying, or possession of the firearm or the commission of the charged crime of violence, and

had knowledge of the firearm when he still had a realistic opportunity to withdraw from the crime of violence.

## REQUEST NO. 25.

**Count Three: Firearm Offense—Special Interrogatory (Discharge)**

If you find the defendant guilty on Count Three, then you must indicate in the space provided on the verdict form whether you find that the Government has proven beyond a reasonable doubt that the firearm was discharged.  To "discharge" means to fire or shoot, whether intentionally or accidentally.

### REQUEST NO. 26.

**Counts Four and Five: Unlawful Possession of a Firearm/Ammunition—Elements**

Counts Four and Five charge the defendant with possessing a revolver and ammunition on or about July 10, 2020 and a semi-automatic pistol and ammunition between in or about November 2020 and in or about December 2020, following his conviction for a crime punishable by more than one year imprisonment.

With respect to Counts Four and Five, the Government must prove the following three elements beyond a reasonable doubt:

First, that the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year in a court of the United States or in any state prior to the date he allegedly possessed the firearms and ammunition;

Second, that on or about the dates alleged in the Indictment, the defendant knowingly possessed a firearm or ammunition; and

Third, that the defendant's possession of the firearm or ammunition was in or affecting interstate or foreign commerce.

**REQUEST NO. 27.**

**Counts Four and Five: Unlawful Possession of a Firearm/Ammunition—First Element**
**(Prior Conviction)**

The first element that the Government must prove with respect to Counts Four and Five is that, prior to the date the defendant allegedly possessed the firearms and ammunition identified in each of those counts, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year in a court of the United States or in any state, and that the defendant knew he had been convicted of such a crime.

I instruct you that the prior conviction that is an element of the offense is to be considered by you only for that, for the fact that it exists and nothing else. You're not to consider it for any other purpose or draw any inference from it. You may not consider it with respect to Counts One, Two, or Three. The defendant is not on trial for any prior offense.

In this regard, you've heard evidence in the form of a stipulation or agreement by both sides that the defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year and that he knew he had been convicted of such a crime. It has also been stipulated that the conviction occurred prior to the time that the defendant is alleged to have possessed the firearms and ammunition as charged in the Indictment. As such, you should treat this element as having been proven beyond a reasonable doubt. You're not to speculate as to what the prior conviction was for.

**REQUEST NO. 28.**

**Counts Four and Five: Unlawful Possession of a Firearm/Ammunition—Second Element**

**(Prior**

The second element that the Government must prove with respect to Counts Four and

Five is that on or about July 10, 2020 with respect to Count Four, and between in or about

November 2020 and in or about December 20200 with respect to Count Five, the defendant

knowingly possessed a firearm and/or ammunition. Your finding regarding knowing possession

must be unanimous in the sense that, as to each Count, all of you must agree on whether the

defendant knowingly possessed a firearm, ammunition, or both.

A firearm means any weapon which will or is designed to or may readily be converted to

expel a projectile by the action of an explosive. It does not matter whether the firearm was

loaded or operable at the time of the crime. Operability is not relevant to your determination of

whether a weapon qualifies as a firearm. I instruct you that a gun is a firearm.

Ammunition means ammunition or cartridge cases, primers, bullets, or propellent powder

designed for use in any firearm.

To possess means to have something within a person's control. The legal concept of

possession may differ from the everyday usage of the term. So let me explain in some detail.

Actual possession is what most of us think of as possession, that is, having physical

custody or control of an object. Holding something in your hand. However, a person need not

have actual physical possession, that is, physical custody of an object in order to be in legal

possession of it.  If a person has the ability to exercise substantial control over an object, even if

he does not have the object in his physical custody and that person has the intent to exercise

control, then the person is in possession of that object. This is called constructive possession.

More than one person may have control over the same firearm. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of an item, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the firearm. That's called joint possession.  If you find that the defendant had such control, then possessed a firearm under this element even if someone else had such control.

Proof of ownership is not required to establish possession. If an individual has the ability and intent to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that article regardless of whether he is the person who purchased or otherwise originally acquired the item, or whether he is the legal owner of the item.

Under this second element, you must also find that the defendant knowingly possessed a firearm or ammunition. This means that the defendant possessed the firearm or ammunition purposely and voluntarily and not by accident or mistake. The government is not required to prove that the defendant knew he was breaking the law.  It is sufficient if the defendant possessed the firearm purposely and voluntarily, as opposed by accident or mistake.

## REQUEST NO. 29.

**Counts Four and Five: Unlawful Possession of a Firearm/Ammunition—Third Element (In or Affecting Interstate or Foreign Commerce)**

The third element that the Government must prove with respect to Counts Four and Five is that the firearms and/or ammunition that the defendant is charged with possessing were in or affecting interstate or foreign commerce.

This means that the government must prove that at sometime before the defendant's possession, the firearms and/or ammunition had traveled in interstate or foreign commerce. As I instructed you earlier, the crossing of a state or international border constitutes traveling in interstate or foreign commerce. In this regard, it is sufficient for the government to satisfy this element by proving that at some point before the defendant's possession, the firearms and/or ammunition moved over a state line or crossed the United States border. The Government does not have to prove that the defendant himself carried the firearms and/or ammunition across a state line or the United States border, nor must the government prove who carried it across or how it was transported.

It's also not necessary for the government to prove that the defendant knew that the the firearms and/or ammunition had previously crossed a state or national border.

You have heard evidence in the form of a stipulation that the firearms and ammunition that the defendant is charged with possessing moved in or affecting interstate or foreign commerce. As such, you should treat this element as having been proved beyond a reasonable doubt.

In submitting these requests to charge, the Government reserves the right to submit additional or modified requests at or near the close of evidence.

Dated:  New York, New York
        July 23, 2019

                              Respectfully submitted,

                              AUDREY STRAUSS
                              United States Attorney

               By:      __/s/_____
                              Celia V. Cohen
                              Andrew K. Chan
                              Emily A. Johnson
                              Assistant United States Attorneys