

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 12, 2021

**BY CM/ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Nicholas Joseph*, S2 20 Cr. 603 (PKC)

Dear Judge Castel:

  The Government respectfully submits this supplemental motion *in limine* to preclude certain lines of cross-examination and argument by the defense. This motion has become necessary based on recent discussions with defense counsel. In particular, the Government requests the following rulings in advance of trial: (1) the defense is precluded from eliciting testimony or offering argument regarding the fact that the Bronx District Attorney did not charge the defendant with the shooting on April 28, 2017 in the Story Playground in the Bronx that is the subject of Counts Two and Three of the Indictment (the "Playground Shooting"); (2) the defense may not raise alternative perpetrator theories regarding the Playground Shooting in opening or cross-examination, absent a good faith showing that there is admissible evidence of a nexus between an asserted alternative perpetrator and the Playground Shooting; and (3) the scope of cross-examination of two case detectives being called exclusively to establish chain-of-custody for physical evidence is limited to the scope of their respective direct examinations.

  **1. Evidence or Argument Regarding Charging Decisions by the Bronx District Attorney Should Be Precluded**

  The defense should be precluded from eliciting testimony or offering argument regarding the fact that the Bronx District Attorney (the "DA") did not charge the defendant with the Playground Shooting. Evidence of a prosecutor's charging decision should be precluded unless the charging decision is relevant under Federal Rule of Evidence 401 and its probative value outweighs any danger of unfair prejudice under Rule 403. *United States v. Borrero*, 2013 WL 6020773, at *1 (S.D.N.Y. Nov. 1, 2013) (citing *United States v. White*, 692 F.3d 235, 239, 247 (2d Cir. 2012).

  Here, the charging decision by the DA has no probative value. *First*, the DA did not charge *anyone* with the shooting. There is therefore no reasonable argument that the DA's charging decision is indicative of someone other than the defendant being responsible for the shooting. *Second*, the DA is not the Government, and the facts available to the DA in 2017 are not the same

as the facts that were available to the Government when it presented this case to the grand jury in 2020 and obtained an indictment. Accordingly, the DA's charging decision says nothing about the strength of the case brought by the Government against the defendant.

Moreover, evidence or argument about the DA's charging decision would be confusing, misleading, and unfairly prejudicial precisely because it would erroneously suggest to the jury that the charging decision *does* bear on the defendant's guilt and/or on the strength of the Government's case. It would also result in a trial-within-a-trial regarding a charging decision made by another prosecutor's office more than four years ago by prosecutors who are no longer in that office.

For all of these reasons, the defense should be precluded from eliciting testimony or offering argument regarding the DA's charging decision.

### 2. Unsupported Alternative Perpetrator Theories Should Be Precluded

The defense should be precluded from suggesting through argument or cross-examination that someone other than the defendant committed the Playground Shooting unless he can proffer admissible evidence demonstrating a sufficient nexus between the supposed alternative perpetrator and the shooting.

Although "a defendant has a right to attempt to establish his innocence by showing that someone else did the crime," he "must show that his proffered evidence on the alleged alternative perpetrator is sufficient, on its own or in combination with other evidence in the record, to show a nexus between the crime charged and the asserted 'alternative perpetrator.'" *Wade v. Mantello*, 333 F.3d 51, 61-62 (2d Cir. 2003) (*Wade I*) (quoting *United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998)). "[U]nsupported speculation that another person may have done the crime" does not suffice, because "[s]uch speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice." *Id*. at 62 (internal quotation marks omitted). "A court must be sensitive to the special problems presented by 'alternative perpetrator' evidence and must ensure that the defendant shows a sufficient nexus between the crime charged and the asserted 'alternative perpetrator.'" *United States v. Hendricks*, 921 F.3d 320, 331 (2d Cir. 2019) (quoting *Wade I* at 61-62 (alterations omitted)); *see also United States v. Ulbricht*, 858 F.3d 71, 119 (2d Cir. 2017).[1]

---

[1] These principles are similarly well established in other Circuits. *See e.g.*, *United States v. Hicks*, 307 F. App'x 758, 761 (4th Cir. 2009) ("Requiring the defendant to demonstrate a nexus between the crime charged and the alleged alternative perpetrator mitigates jury confusion and undue prejudice, two factors that must be balanced against the introduction of relevant evidence." (citing *United States v. Jordan*, 485 F.3d 1214, 1219 (10th Cir. 2007))); *DiBenedetto v. Hall*, 272 F.3d 1, 8 (1st Cir. 2001) ("Evidence that tends to prove a person other than the defendant committed a crime is relevant, but there must be evidence that there is a connection between the other perpetrators and the crime, not mere speculation on the part of the defendant."); *Andrews v. Stegall*, 11 F. App'x 394, 396 (6th Cir. 2001) (summary order) ("Generally, evidence of third party culpability is not admissible unless there is substantial evidence directly connecting that person with the offense."); *Guam v. Ignacio*, 10 F.3d 608, 615 (9th Cir. 1993) ("Evidence of third-party culpability is not admissible if it simply affords a possible ground of suspicion against such person;

Hon. P. Kevin Castel                                                                                                      Page 3
August 12, 2021

      In *Wade I*, for example, the defendant sought to introduce evidence that the victim of the charged murder in the case was a member of a gang and had previously participated in a shoot-out with a gang rival, whom the defendant alleged was the real murderer.  333 F.3d at 54-55.  Notwithstanding that this evidence established a motive for the uncharged individual to have committed the crime (and even possibly the opportunity to do so), the Second Circuit held that this alternative perpetrator evidence was properly excluded, because no evidence specifically linked the uncharged individual to the murder.  *Id.* at 60-61.  Allowing such evidence in the absence of a nexus, the Second Circuit reasoned, would have "invite[d] testimony that was both distracting and inflammatory" and "posed a danger of turning attention away from issues of [the defendant's] culpability."  *Id.* at 61.

      Likewise, in a different Second Circuit case (also involving a party named Wade), the Second Circuit upheld the exclusion of "alternative perpetrator" evidence that the defendant sought to elicit during cross-examination of a police officer testifying for the prosecution.  *United States v. Wade*, 512 F. App'x 11 (2d Cir. 2013) (summary order) (*Wade II*).  There, the defendant was charged with a narcotics offense, and drugs belonging to the defendant were seized from his girlfriend's apartment.  The defendant sought to elicit testimony from the police officer concerning the arrest of an uncharged individual who had been caught dealing drugs in the same apartment building where the defendant's girlfriend lived.  *Id.* at 14.  The defendant argued that the arrest of that individual established the possibility that the drugs seized in the girlfriend's apartment belonged to that individual rather than to the defendant.  But the Second Circuit found that the arrest of the uncharged individual was not sufficiently linked to the seizure of drugs from the girlfriend's apartment to make the theory plausible, and that allowing the police officer to testify concerning the arrest therefore "presented a risk of juror confusion and extended litigation of a collateral matter."  *Id.* (citing *United States v. Aboumoussallem*, 726 F.2d 906, 912 (2d Cir. 1984)).

      Moreover, evidence that does connect a supposed alternative perpetrator to the charged crime must still be admissible under the rules of evidence, such as the prohibition on hearsay and the requirement for a proper foundation.  *See United States v. Gupta*, 747 F.3d 111, 137-38 (2d Cir. 2014) (affirming district court's exclusion of alternative perpetrator evidence "on grounds of hearsay, relevance, lack of foundation, and, given the absence of a proper foundation, the likelihood [of] jury confusion").

      Finally, under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.  The Second Circuit has on many occasions held that the district court properly precluded cross-examination that would have involved, for example, "diversionary forays into extraneous matters," *United States v. Pacelli*, 521 F.2d 135, 137 (2d Cir. 1975), or "mini-trials" on collateral issues, *United States v. Stewart*, 433 F.3d 273, 313 (2d Cir. 2006).  Likewise, the Second Circuit has held that witness speculation about matters like the identity of a perpetrator "is ordinarily of little or no relevance to the question of the defendant's guilt," affirming district court's decision to strike an agent's testimony about his prior belief that

---

rather, it must be coupled with substantial evidence tending to directly connect that person with the actual commission of the offense").

someone other than the defendant may have committed the crime. *Ulbricht*, 858 F.3d at 119 (quoting *United States v. Johnson*, 529 F.3d 493, 501 (2d Cir. 2008)). District courts have broad discretion to exclude evidence under Rule 403, and such rulings are subject to reversal only if a ruling is "arbitrary and irrational." *Gupta*, 747 F.3d at 132; *United States v. Salameh*, 152 F.3d 88, 122 (2d Cir. 1998).

With respect to the Playground Shooting, the Government intends to prove that the defendant, a member of the Castle Hill Crew, fired a gun at members of a rival gang based in the Monroe Houses but accidentally hit a child who was on the playground at the time. The Government's evidence includes, but is not limited to, testimony from a cooperating witness that the defendant was the intended victim of an attempted shooting by members of the Monroe Houses gang the day prior, as well as video from the day of the Playground Shooting showing the defendant adjacent to the playground with a gun in his hand and then, moments before the shooting, running with the gun toward the playground. While it is true that the Monroe Houses gang has had violent rivalries with not only the Castle Hill Crew but also with other neighborhood gangs, the Government is not aware of any admissible evidence linking those other gangs to the Playground Shooting. Unless the defense can make a good faith showing that there is admissible evidence of a nexus between the Playground Shooting and an alternative perpetrator, speculation on the topic should be precluded during jury addresses and cross-examination for the reasons articulated in the *Wade* cases and others. *See Wade I*, 333 F.3d at 61 ("That a third party may have borne animus towards the victim, standing alone, does little to establish that the third party committed the crime.").

### 3. Cross-Examination of Case Detectives Should Be Appropriately Limited

Because the defendant will not stipulate to the authenticity of two pieces of physical evidence, the Government may call two case detectives at trial. Given that these detectives are being called merely in their capacity as vouchering officers, any cross-examination should be similarly limited.

Rule 611(b) of the Federal Rules of Evidence limits the scope of cross-examination "to the subject matter of the direct examination and matters affecting the credibility of the witness." *See Baker v. Goldman Sachs & Co.*, 669 F.3d 105, 110 (2d Cir. 2012). The fact that the witness is a law enforcement agent who has wide involvement in an investigation of the defendant does not expand the scope of permissible cross-examination. *See, e.g.*, *United States v. Koskerides*, 877 F.2d 1129, 1136 (2d Cir. 1989) (affirming district court's limitation of cross-examination of case agents to scope of direct testimony); *United States v. McLaughlin*, 957 F.2d 12, 18 (1st Cir. 1992) (affirming limitation of cross-examination of government agents to scope of direct because "a party has no right, unless the court in the exercise of its discretion allows, to cross-examine a witness beyond the subject matter of his direct examination and beyond matters affecting credibility."); *United States v. Adeniyi*, 2004 WL 1077963, at *3 (S.D.N.Y. May 12, 2004) ("The Court is also unpersuaded by Defendant's apparent contention that [the case agent's] acknowledgment during direct examination that he had participated in an investigation of Defendant, coupled with [the case agent's] testimony regarding certain specific aspects of that investigation, combined to give defense counsel carte blanche to inquire into any subject related to the investigation of Defendant.").

Moreover, courts routinely bar attempts to shift the focus of criminal trials from the charges against the defendant to the conduct of the investigation, under Federal Rules of Evidence 401 and 403. *See, e.g., United States v. Malpeso*, 115 F.3d 155, 162-63 (2d Cir. 1997); *United States v. Reese*, 933 F. Supp. 2d 579, 583-84 (S.D.N.Y. 2013) ("a defendant 'may not argue before the jury issues relating to the overall propriety of the Government's investigation in this case.'" (*quoting United States v. Demosthene*, 334 F. Supp. 2d 378, 380 (S.D.N.Y. 2004)); *United States v. Ortiz*, 367 F. Supp. 2d 536, 547-48 (S.D.N.Y. 2005) (holding that defendant's rights were not violated by refusal to grant an adjournment so he could develop defense that he had been setup by police since any evidence supporting the theory would have been inadmissible under Rule 403 anyway). In particular, a defendant's allegation that the investigation was in some way defective does not make the alleged deficiency relevant, absent some connection between the claimed deficiency and the evidence of the charges. As the Tenth Circuit has explained:

> Admittedly, the quality or bias of a criminal investigation occasionally may affect the reliability of particular evidence in a trial, and hence, the facts surrounding the government's investigation may become relevant. . . . However, in [the defendant's] case, he failed to establish the requisite connection between the allegedly 'shoddy' and 'slanted' investigation and any evidence introduced at trial. . . . To have allowed [the defendant] to put the government on trial . . . would inevitably divert the jury's attention from the issues of the trial.

*United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998) (internal citations omitted) (commending the trial judge for "keeping the focus of the trial upon the issues properly before the jury"), *abrogated in part on other grounds by Hooks v. Ward*, 184 F.3d 1206, 1227 (10th Cir. 1999); *see also United States v. Cordova*, 157 F.3d 587, 594 (8th Cir. 1998) (upholding trial court's exclusion of exploration of the quality of the investigation, as such inquiry would be "time-consuming and of little relevance"; issue is whether "the government's witnesses were truthful and whether their testimony was sufficient to convict"); *United States v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994) (upholding district court's refusal to allow defense to attack government's investigation as "sloppy" because the jury's role was not to pass on the government's investigation).

Amongst the physical evidence that the Government intends to offer at trial are (i) the bullet removed from the body of the child-victim of the Playground Shooting and (ii) a cellphone seized from the defendant when he was arrested in December 2020. Defense counsel has told the Government that he will not stipulate to the authenticity of this evidence. Accordingly, the Government may call the two vouchering officers: Detective Hugh McHugh, who vouchered the bullet in 2017, and Detective Michael Munroe, who vouchered the cellphone in 2020. Detective McHugh also happens to have been the case detective in 2017 for the Playground Shooting, and Detective Munroe also happens to be the case detective for the instant prosecution.

The defense should be precluded from exploiting the fact that these vouchering officers also happened to be case detectives with broader responsibility for investigating the Playground Shooting and the defendant, respectively. A wide-ranging cross-examination regarding the investigation would not be probative of the central issues in this case (i.e., the defendant's membership in the Castle Hill Crew, his role in the Playground Shooting, and his possession of

firearms in July and December 2020).  There is no reasonable dispute regarding the authenticity of the evidence. With respect to the bullet, the defense has stipulated regarding the authenticity of the medical records showing that a bullet was removed from the stomach of the child-victim during surgery, and police records produced to the defense in discovery demonstrate that Detective McHugh obtained the bullet after the child-victim's surgery and vouchered it at the hospital.  With respect to the phone, its seizure directly from the defendant following his December 2020 arrest is captured on body-camera footage, and the content of the phone makes plain that it belongs to the defendant.  Accordingly, cross-examination regarding other aspects of the investigation would have little to no probative value regarding the authenticity of this evidence.  Nor is the Government aware of any defect in the investigation that would undermine any other aspect of the Government's evidence.  Likewise, for the reasons articulated *supra* §§ 1 and 2, cross-examination regarding the DA's charging decision with respect to the Playground Shooting or speculation regarding other alternative perpetrators would be improper.  Moreover, given the negligible probative value of a wide-ranging cross-examination regarding the investigation, such questioning carries a significant risk of unfair prejudice, confusing the issues, misleading the jury, and wasting time.

For the forgoing reasons, cross-examination of Detectives McHugh and Munroe should be limited to the scope of their direct examination—the authenticity of the bullet and the defendant's cellphone.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:     /s/ Celia V. Cohen
Andrew K. Chan / Celia V. Cohen / Emily A. Johnson
Assistant United States Attorneys
Southern District of New York
(212) 637-1072 / 2466 / 2409

cc:     Counsel of record (by CM/ECF)