# KIRTON LAW FIRM

*Marlon G. Kirton, Esq.*

_____

*Nassau County:*
*175 Fulton Avenue, Suite 305*
*Hempstead, New York 11550*
*Tel. # (516) 833-5617*
*Fax # (516) 833-5620*

August 24, 2021

VIA ELECTRONIC FILING

Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *United States v. Nicholas Joseph, 20 cr. 603 (PKC)*

Dear Judge Castel:

     I represent Nicholas Joseph in the above-referenced matter. The defense requests a 2–3-week adjournment of the September 7th trial.

## ACCESS TO CLIENT

     This Court remanded Mr. Joseph without bail after a detention hearing. He has been housed at the Essex County Correctional Facility (Essex County) for most of his incarceration.[1] On July 7, 2021, I went to Essex County to visit my client. I was turned away because there was a "problem" in his unit. I set up a secure call with my client for July 14, 2021, at Essex County. Essex County canceled the call on July 14th, and they told me that Mr. Joseph was no longer at Essex County. I discussed the matter with the Government, and they said to me that he was transferred to Metropolitan Detention Center (MDC). I set up an in-person visit with Mr. Joseph for July 22, 2021. MDC canceled the meeting because he was in quarantine. MDC canceled my July 29, 2021, meeting for the same reason. My first contact with Mr. Joseph was not until August 13, 2021.[2] I have had multiple meetings with my client after August 13th. Mr. Joseph was moved from the MDC to the Metropolitan Correctional Center (MCC) on or about August 22, 2021. However, Mr. Nicholas believes that the 7-week gap, without visits from me, makes it

---

[1] I've had secure calls, video conferences or in-person visits with Mr. Joseph about twice per month since his incarceration.

[2] I had an in-person visit with Mr. Joseph at the MDC.

1

impossible for him to be ready for a September 7th trial. He requests a 2–3-week adjournment of the September 7th trial.

### CLIENT'S ACCESS TO DISCOVERY AND PERSONAL PAPERS

The Government sent Mr. Joseph (at my request) copies of his Rule 16 discovery several months ago while housed at Essex County. Essex County only allows inmates to receive the discovery on flash drives. Mr. Joseph was transferred to the MDC on or about July 14, 2021. MDC does not allow flash drives but only hard drives. I sent an additional hard drive for the Government to copy and download Mr. Joseph's discovery. I received the hard drive late last week.[3] Mr. Joseph will have gone at least 7 weeks without access to his discovery. Mr. Joseph is adamant that he be afforded sufficient time to review his Rule 16 discovery and the 3500 materials in advance of trial. Mr. Joseph believes that he will not have adequate time to review the material for a September 7th trial and requests a 2–3-week adjournment.

Mr. Joseph was moved from the MDC to the MCC on either August 22nd or August 23rd. Mr. Joseph was not allowed to bring all of his notes, research, and legal papers accumulated over the last 8 months of his incarceration. MDC told Mr. Joseph his papers would be shipped to him in 2-3 weeks. Mr. Joseph is adamant that he needs access to his notes, research, and legal papers to be ready for trial. Mr. Joseph requests a 2–3-week adjournment of the September 7th trial.

### MOTION IN LIMINE

The defense requests additional time to respond to the Government's motion in limine. The defense requests a date until August 31, 2021, to file. I have had numerous deadlines spread out amongst several cases and have had to prepare for this trial. I will be able to review the 3500 material and Rule 16 discovery with Mr. Joseph, organize the electronic material with the assistance of Associate Counsel Emiliee Sahli, prepare for cross-examination of witnesses, complete the defense investigation with the help of my Investigator and prepare for opening statements. I will be able to do complete these tasks should the trial date remain September 7th. However, due to my other motions schedules and the complexity of the Government's motion in limine, I could not meet my filing date. I request until August 31, 2021, to file a response to the Government's motion in limine.[4]

### CONCLUSION

For all of the above reasons, the defense requests a 2–3-week adjournment of the trial. Please contact me if you have any questions or concerns.

Sincerely,

---

[3] The defense will review the discovery with Mr. Joseph in person this week and if needed next week. The defense has sought and will likely be granted permission to bring the hard drive to the MCC to review it with Mr. Joseph starting August 25, 2021.

[4] I advised the Government of all of the matters in this application. They are likely to respond in writing.

<u>s/Marlon G. Kirton</u>
Marlon G. Kirton, Esq.


cc: Andrew Chan, Assistant United States Attorney (via electronic mail)
    Celia Cohen, Assistant United States Attorney (via electronic mail)
    Emily Johnson, Assistant United States Attorney (via electronic mail)

3