*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 24, 2021

**BY CM/ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:   *United States v. Nicholas Joseph*, S2 20 Cr. 603 (PKC)

Dear Judge Castel:

    The Government writes to briefly respond to the defendant's motion for an adjournment of trial, which was filed earlier today. The Government is happy to expand on these points at today's conference. For the following reasons, the Government respectfully requests that the Court deny the request for an adjournment. If the Court is inclined to grant an adjournment, the Government respectfully requests that the trial be adjourned for no more than a week, given the Government's understanding of the Court's trial schedule and the current procedures for scheduling trials in this District.

    *First*, the Government respectfully submits that the defendant has had adequate time to review the Rule 16 discovery materials that have been produced in this case. Below is a timeline of some of the relevant dates since the defendant was arrested on December 10, 2020:

- February 23, 2021 – After receiving a hard drive from defense counsel, the Government mailed to defense counsel Batch One of Rule 16 discovery, containing the vast majority of the relevant discovery materials in this case. Since February 23, 2021, the Government has continued producing smaller batches of discovery materials on a rolling basis as it has continued to investigate the case.

- April 20, 2021 – During a pretrial conference, defense counsel represented that he had received the discovery, reviewed it, had reviewed much of the discovery with his client on the phone and in person, and said he would not be filing pretrial motions. (Docket No. 26 at 2). Defense counsel did not object to the Court requesting a trial date in the third quarter of 2021, and noted that his only other trial conflict was a trial scheduled for October 2021. The Court indicated its intention to schedule the trial for the third quarter of 2021.

- May 20, 2021 – At defense counsel's request, the Government mailed a drive containing non-sensitive discovery materials to the defendant at Essex County Correctional Facility so that the defendant could have additional time in the facility to review discovery materials.

Hon. P. Kevin Castel                                                                                                           Page 2
August 24, 2021

- Week of July 12, 2021 – The defendant was moved from Essex County Correctional Facility to the Metropolitan Detention Center after a series of disciplinary incidents involving the defendant on June 30, 2021, July 5, 2021, and July 6, 2021.

- Week of August 16, 2021 – At the defendant's request, the Government burned another drive containing the non-sensitive discovery materials, which was mailed to defense counsel.  The Government has also offered to burn another drive containing the Rule 16 discovery materials for the defendant's associate counsel.

- Sometime within the last week, the defendant was moved from the Metropolitan Detention Center to the Metropolitan Correctional Center in anticipation of trial, which is scheduled to commence on September 7, 2021

In sum, the defendant has been in possession of the bulk of the Rule 16 discovery materials since on or about February 23, 2021—or approximately six months.  The defendant has been aware of a potential trial date in the third quarter of 2021 since April 20, 2021—or approximately four months.  Additionally, the Government intends to produce 18 U.S.C. § 3500 materials after the final pretrial conference today, which will provide the defendant a full two weeks to review the materials in advance of trial.  The Government also plans to provide a copy of all of its marked exhibits to the defendant approximately one week in advance of trial.   In the Government's view, the Court's schedule up to this point has provided more than adequate time for the defendant to be prepared for trial on September 7, 2021.

*Second*, to the extent that the Court is willing to entertain an adjournment of trial, it should not exceed one week.  This trial was originally scheduled for three weeks; however, the parties have worked diligently to streamline the presentation of the evidence in this case, and the Government now believes that the trial in this matter can be completed within two weeks, assuming that the Court will be sitting a full-day trial schedule.  As a result, even with an adjournment of up to one week, trial could be completed within the previously anticipated timeframe.  Any greater adjournment, however, would greatly disrupt trial schedules and prejudice the Government.   The two cooperating witnesses who will be testifying in this trial are also scheduled to testify in *United States v. Robert Wilson*, 19 Cr. 625 (JMF), a four-week racketeering trial with an approximate start date on or about January 4, 2021.  One of the cooperating witnesses will also be testifying at a multi-defendant racketeering trial with an approximate start date on May 2, 2021 (*United States v. Nyshiem Spencer et al.*, 20 Cr. 78 (AT)).  The AUSAs currently assigned to this trial also are currently staffed on other trials that are scheduled for the fourth quarter of 2021.  And because this trial was scheduled for the third quarter of 2021, it is the Government's understanding that this trial is unlikely to receive a slot in the fourth quarter of 2021.

For these reasons, the Government respectfully requests that the Court deny the defendant's request for an adjournment of trial.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By:   /s/
Andrew K. Chan / Celia V. Cohen /
Emily A. Johnson
Assistant United States Attorneys
Southern District of New York
(212) 637-1072 / 2466 / 2409

cc:     Counsel of record (by CM/ECF)