UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                    20 cr. 603 (PKC)

    - against -

NICHOLAS JOSEPH,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**PROPOSED VOIR DIRE AND REQUESTS TO CHARGE**

KIRTON LAW FIRM
Attorney for Defendant
NICHOLAS JOSEPH
175 Fulton Avenue, Suite 305
Hempstead, New York 11550
(516) 833-5617 ph
(516) 833-5617 fax
kirtonlawfirm@gmail.com email
By: Marlon G. Kirton, Esq.
Emilee Sahli, Esq.

## **PROPOSED IMPLICIT BIAS VOIR DIRE LANGUAGE**

**To be included in the Preliminary Instructions given before Jury Selection**

We all have or have had feelings, assumptions, perceptions, fears, and stereotypes also known as biases about people and places that have affected our memories, our thoughts, what we see or hear and/or the decisions we make or have made. Some biases we are aware or conscious of and others we might not be fully aware of, which is why they are called "implicit biases" or "unconscious biases." Unconscious/implicit biases are stereotypes, attitudes, or preferences that we express without conscious awareness, control, or intention. Like conscious bias, unconscious/implicit bias, too, can affect how we evaluate information and make decisions.

It is important that if you are selected as a juror, you must discharge your duties without discrimination, meaning that bias or stereotypes regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity or gender of the defendant, any of the witnesses or the lawyers will play absolutely no role in the exercise of your judgment throughout the trial.

# PROPOSED IMPLICIT BIAS JURY INSTRUCTION LANGUAGE[1]

**To be included in the Preliminary Instructions given before Jury Selection**

We all have or have had feelings, assumptions, perceptions, fears, and stereotypes also known as biases about people and places that have affected our memories, our thoughts, what we see or hear and/or the decisions we make or have made. Some biases we are aware or conscious of and others we might not be fully aware of, which is why they are called "implicit biases" or "unconscious biases." Unconscious/implicit biases are stereotypes, attitudes, or preferences that we express without conscious awareness, control, or intention.  Like conscious bias, unconscious/implicit bias, too, can affect how we evaluate information and make decisions.

It is important that if you are selected as a juror, you must discharge your duties without discrimination, meaning that bias or stereotypes regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity or gender of the defendant, any of the witnesses or the lawyers will play absolutely no role in the exercise of your judgment throughout the trial.

**To be included in the Preliminary Instructions given before Opening Statements**

You now are the jurors in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed written instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the laws as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, stereotypes, opinions, prejudices, sympathy, or biases regarding the defendant, witnesses, or attorneys.

**To be included in any Credibility of Witnesses Instruction**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it or none of it.

In considering the testimony of any witness, you may consider:
- (Input Judges General rules for assessing credibility)

Additionally, you must avoid stereotypes and bias, conscious or unconscious, based on the witness's gender, race, color, religious beliefs, national origin, sexual orientation, or gender identity in your determination of credibility.

---

[1] Modified from:  Model Ninth Circuit Criminal Instruction 1.1, Western District of Washington, Illinois Pattern Jury Instructions 1.08, and California Civil Jury Instructions 113.

**To be included during Closing Instruction**

I want to remind you about your duties as jurors. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and in that process to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.

You must decide the case solely on the evidence and the law before you and resist jumping to conclusions based in favor of or against any party, witness, or the defendant because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, [or] socioeconomic status or [*insert any other impermissible form of bias*]. You must resist making any decisions based upon unconscious/implicit bias.

As I said at the beginning of the case, unconscious/implicit biases are stereotypes, attitudes, or preferences that we express without conscious awareness, control or intention that can affect how we evaluate information and make decisions.

If you suspect that you, or a fellow juror, are about to reach a conclusion about an individual in this case through a stereotypical lens, stop yourself and focus solely on the evidence and the legal instructions I have given you. For guidance, if you find yourself or a fellow juror influenced by a stereotype about an individual, presume the individual does not have said stereotype and then again focus solely on the evidence presented and the legal instructions I have given you.

# BIAS INSTRUCTION[2]

I want to remind you about your duties as jurors.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and in that process to decide the facts.

We all have or have had feelings, assumptions, perceptions, fears, and stereotypes also known as biases about people and places that have affected our memories, our thoughts, what we see or hear and/or the decisions we make or have made. Some biases we are aware or conscious of and others we might not be fully aware of, which is why they are called "implicit biases" or "unconscious biases."

Unconscious/implicit biases are stereotypes, attitudes, or preferences that we express without conscious awareness, control or intention that can affect how we evaluate information and make decisions.

You must decide the case solely on the evidence and the law before you and resist jumping to conclusions based in favor of or against any party, witness, or the defendant because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, [or] socioeconomic status or [*insert any other impermissible form of bias*].

If you suspect that you, or a fellow juror, are about to reach a conclusion about a defendant, witness, or party to this case through a stereotypical lens, stop yourself and focus simply on the evidence and the legal instructions I have given you. For guidance, if you find yourself or a fellow juror influenced by a stereotype about an individual, presume the individual does not have said stereotype and then again focus solely on the evidence presented and the legal instructions I have given you.

---

[2] Modified from:  Model Ninth Circuit Criminal Instruction 1.1, Western District of Washington, Illinois Pattern Jury Instructions 1.08, and California Civil Jury Instructions 113.