UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,                    20 cr. 603 (PKC)

    - against -

NICHOLAS JOSEPH,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**MOTION IN LIMINE RESPONSE**

KIRTON LAW FIRM
Attorney for Defendant
NICHOLAS JOSEPH
175 Fulton Avenue, Suite 305
Hempstead, New York 11550
(516) 833-5617 ph
(516) 833-5617 fax
kirtonlawfirm@gmail.com email
By: Marlon G. Kirton, Esq.
Emilee Sahli, Esq.

1

# *KIRTON LAW FIRM*

*Marlon G. Kirton, Esq.*

*Nassau County:*
*175 Fulton Avenue, Suite 305*
*Hempstead, New York 11550*
*Tel. # (516) 833-5617*
*Fax # (516) 833-5620*

August 31, 2021

VIA ELECTRONIC FILING

Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Nicholas Joseph, 20 cr. 603 (PKC)*

Dear Judge Castel:

      This letter is in response to the Government's Motion in Limine filed on July 23, 2021.

**THE GOVERNMENT SHOULD BE PRECLUDED FROM RELYING ON EXCITED UTTERANCES OF THE CONFIDENTIAL WITNESS, AND THE 911 CALL SHOULD BE PARTIALLY REDACTED.**

**CASE LAW**

      In *Ohio v. Roberts*, the U.S. Supreme Court held that a defendant's Confrontation Clause rights under the Sixth Amendment is not violated by the admission of an unavailable witness' statement so long as the statement 1. bore an indicia of reliability, 2. was a firmly rooted exception to the Hearsay Rule, and 3. had a particularized guarantee of trustworthiness.[1] *Crawford v. Washington* overruled *Ohio v.* Roberts.[2] In *Crawford*, the trial court admitted his

---

[1] *Ohio v. Roberts*, 448 U.S. 56 (1980).
[2] *Crawford v. Washington*, 541 U.S. 36 (2004).

2

wife's statement to the police against her husband at his criminal trial. The wife did not testify at his trial. The husband was convicted and appealed. The Washington Supreme Court upheld his conviction. *Crawford* reversed. *Crawford* held unanimously that the trial court violated his Confrontation Clause rights because he could not cross-examine his wife at trial. The Court held that the wife's statements were *testimonial*. As such, *testimonial* statements are only admissible where the declarant is unavailable, and the defendant has had an opportunity to cross-examine.[3] The U.S. Supreme Court defined *testimonial* in the companion cases of *Davis v. Washington* and *Hamon v. Indiana*.[4] In *Davis*, the Court held that 911 calls are not *testimonial*, and in *Hamon*, held that statements to law enforcement are *testimonial*.[5]

## ARGUMENT

In the case at bar, the statements by CW-1 to law enforcement about the April 27 and April 28 shootings are testimonial. CW-1 refers to conversations with Vincent and Jenkins. Vincent and Jenkins are undoubtedly free to testify concerning the events of April 27-28, 2017. After testifying, the Defense will cross-examine them to provide the indicia of reliability required by the Sixth Amendment.[6]

The 911 statements at first glance appear to be admissible under the Sixth Amendment and Federal Rules of Evidence 803 (1).[7] However, there are portions of the statement that are not reliable. For example:

911 CALLER: Yes, on Taylor Avenue between Lafayette and Story Avenue. Somebody just got their head blown off right in front of PS 101.

---

[3] *Crawford*, 541 U.S. 36, 39.
[4] *Davis v. Washington,* 547 U.S. 813 (2006).
[5] *Id*.
[6] *Crawford,* 541 U.S. 36, 39.
[7] *Davis v. Washington*, 547 U.S. 813 (2006); *United States v. Jones*, 299 F.3d 103, 112 (2nd Cir. 2002); F.R.E. 803 (1).

3

911 CALLER: I heard 6 shots.

There are no facts in the medical reports or the N.Y.P.D. ShotSpotter data that support that the victim was shot in the head.[8] There is also no proof that there were six shots fired.[9] Clearly unreliable statements should be redacted from this 911 call.

## EVIDENCE THAT MR. JOSEPH WAS ON PAROLE IN JULY 2020 IS INADMISSIBLE

### CASE LAW

F.R.E. 404 (b) prohibits the introduction of evidence of crimes or other acts that a person acted in a particular way because of his character.[10] However, such evidence may be admissible to establish motive, opportunity intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.[11] Such evidence can be used if it 1. arose out of the same transaction or series of transactions as the charged offense, 2. is inextricably interwoven with the charged offense, or 3. it is necessary to complete the narrative of the trial.[12]

### ARGUMENT

The fact that Mr. Joseph was on parole in July 2020 plays no role in either Counts 4 and 5 of the indictment. This fact is not an element of either Count 4 or 5. The information that Joseph broke curfew and was associated with Castle Hill Houses would promote this parole officer to a gang expert. She would be allowed to give her opinion on the ultimate issue as to Count 1; whether or not the Castle Hill crew exists "in fact." There is no legal basis for her to testify as to the ultimate issue in Count 1. As with most matters involving the recovery of contraband, the

---

[8] The victim was not shot in the head.
[9] Three shots were fired.
[10] *United States v. Torres*, 435 F. Supp 3d 526, 530 (SDNY 2020).
[11] *Id*.
[12] *Id*.

4

Court should instruct the jury that her[13] recovery of the firearm was lawful, and that the jury should not speculate otherwise. The jury will follow this Court's instructions. The jury will not be confused.

The Government should be precluded from introducing Mr. Joseph's rap lyrics. These lyrics and the related video do not prove that the item was an authentic weapon. The item in the video is not the same as the weapon recovered in the December 2020 arrest. The weapon was discarded by the Government's witness, Malik James, before his apprehension by the N.Y.P.D. The evidence will show that his fingerprints are on the firearm, not Mr. Joseph's. The Government now seeks to introduce evidence that contradicts its own proof. THAT IS CONFUSING. The evidence will show via video and forensics that Mr. Joseph did not possess the gun discarded by Malik James in December of 2020. The Government's argument to the contrary is baseless speculation and should be precluded.

**THE DEFENSE SHOULD BE PERMITTED TO CROSS-EXAMINE THE LAW ENFORCEMENT WITNESSES FULLY.**

## CASE LAW

A trial court may impose limitations on the cross-examination of witnesses.[14] However, the trial court may allow cross-examination about issues that bear on the truthfulness or untruthfulness of the witness.[15] Regarding cross-examination of an officer with substantiated CCRB complaints, cross-examination is allowed if 1. if the incidents that gave rise to the

---

[13] Law enforcement's
[14] *United States v. Steele*, 216 F. Supp. 3d 317, 324 (SDNY 2016); citing *United States v. Flaherty*, 295 F.3d 182, 190 (2nd Cir. 2002).
[15] *Id*.

5

complaint involve dishonesty or 2. even if they did not involve dishonesty, if the CCRB found that the officer was not credible.[16]

## ARGUMENT

Officers McHugh was found liable for abuse of authority for an unlawful search of a person. This is an issue that touches on his honesty and truthfulness. The case law supports the cross-examination of this officer regarding his substantiated CCRB complaint.

## CONCLUSION

The Defense requests deny the Government's Motion in Limine on the entirety.

Sincerely,


s/Marlon G. Kirton
Marlon G. Kirton, Esq.


cc: Andrew Chan, Assistant United States Attorney (via electronic mail)
    Celia Cohen, Assistant United States Attorney (via electronic mail)
    Emily Johnson, Assistant United States Attorney (via electronic mail)
    Emilee Sahli, Associate Counsel (via electronic mail)

---

[16] *Id.*