

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 13, 2021

**BY CM/ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re: *United States v. Nicholas Joseph*, S2 20 Cr. 603 (PKC)

Dear Judge Castel:

    The Government submits additional briefing regarding its motion to preclude cross-examination of a retired NYPD Detective ("Detective-1")—who is a chain-of-custody witness for the bullet recovered from the body of the 12-year old victim of the shooting in the Story Playground on April 28, 2017 (the "Story Playground Shooting")—regarding a substantiated complaint filed with the Civilian Complaint Review Board ("CCRB") in November 2015 (the "Substantiated CCRB Complaint").

    For the reasons detailed in the Government's motion and reply, the Government maintains that the conduct underlying the Substantiated CCRB Complaint did not involve dishonesty, and that at no point did the CCRB make an explicit credibility finding with respect to Detective-1. However, the Government recognizes that the report of the CCRB investigator, which credited the account of the complainant regarding the alleged search, could be read as implicitly discrediting Detective-1's account. The Government is aware of one case in which an implicit credibility finding of this type was determined to be a proper subject for cross-examination. *See Gonzalez v. United States*, 2013 WL 5289793, at *15 (S.D.N.Y. Sept. 19, 2013) (finding that substantiated CCRB complaint was "proper subject for cross-examination even in the absence of an official finding that [the officer] lied to the CCRB" because "there was simply no way for the CCRB to substantiate the complaint without also deciding not to credit [the officer]'s statements to the CCRB investigator").

    Even accepting that an implicit, rather than explicit, credibility finding may in some instances be proper subject matter for cross-examination, the Government respectfully submits that on the facts of this case, the Court should preclude such questioning under Rule 403. At most, the Substantiated CCRB Complaint reflects an implicit credibility determination by a single CCRB investigator. As the Court pointed out, the CCRB investigator made this credibility determination based on a telephone conversation with the complainant and without the benefit of sworn testimony. Nor is the Government aware of the CCRB (rather than a single investigator) specifically finding that Detective-1 made any false statements under oath. If the CCRB had found that Detective-1 made false statements to the CCRB investigator, the CCRB would have been required to make a formal referral to the NYPD's Internal Affairs Bureau, and the Government is

Hon. P. Kevin Castel　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
September 13, 2021

not aware of any such referral having been made.  *See* NYPD/CCRB Memorandum of Understanding, attached hereto as Exhibit A, at ¶ 7 ("If during the during the course of its prosecution of a substantiated civilian complaint CCRB becomes aware of possible misconduct . . . such as the making of a false statement, which is alleged to have been committed by the subject officer, CCRB shall immediately refer the allegation of other misconduct to NYPD for investigation and shall not itself undertake the prosecution of such allegation.").

　　　　Additionally, the Government anticipates that Detective-1's testimony about serving as a chain-of-custody witness for a bullet relating to the Story Playground Shooting will be very short and largely uncontested.  The Government anticipates that Detective-1 will be on direct examination for no more than a few minutes, and he will not testify about any interactions with the defendant.  As a result, cross-examination about the Substantiated CCRB Complaint will have minimal probative value and will only serve to prejudice the jury about the New York City Police Department, harass the witness, and sow potential confusion about the issues properly before the jury.  To the extent that Detective-1 disputes the CCRB's findings, allowing cross-examination would also require a mini-trial regarding the accuracy of the allegations, which would delay the trial and needlessly distract the attention of the jury from the issues that are central to the criminal charges in this case.

　　　　For these reasons, the Government respectfully requests that the Court preclude cross-examination of Detective-1 regarding the Substantiated CCRB Complaint.

　　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　AUDREY STRAUSS
　　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　By:　　/s/
　　　　　　　　　　　　　　　　　　　　　　Andrew K. Chan / Celia V. Cohen /
　　　　　　　　　　　　　　　　　　　　　　Emily A. Johnson
　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys
　　　　　　　　　　　　　　　　　　　　　　Southern District of New York
　　　　　　　　　　　　　　　　　　　　　　(212) 637-1072 / 2466 / 2409

cc:　　Counsel of record (by CM/ECF)