# KIRTON LAW FIRM

*Marlon G. Kirton, Esq.*

*Nassau County:*
*175 Fulton Avenue, Suite 305*
*Hempstead, New York 11550*
*Tel. # (516) 833-5617*
*Fax # (516) 833-5620*

September 14, 2021

VIA ELECTRONIC FILING

Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *United States v. Nicholas Joseph, 20 cr. 603 (PKC)*

Dear Judge Castel:

      The Defense submits this additional briefing regarding the ability to cross-examine retired NYPD Detective Hugh McHugh ("Detective McHugh") regarding a substantiated claim filed with the Civilian Complaint Review Board ("CCRB") in November 2015.

## BACKGROUND

      As outlined in the Defense response to the Government's motion, cross-examination of an officer with substantiated CCRB complaints is allowed if either the incidents that gave rise to the complaint involve dishonesty or, even if they did not involve dishonesty, if the CCRB finds that the officer was not credible.[1] The CCRB complaint at issue goes to the detective's character for truthfulness and credibility. In the underlying facts of the substantiated complaint Detective McHugh, an experienced law enforcement officer failed to acknowledge and properly document the search of a person. Beyond failing to document the search at the time, Detective McHugh also testified to the CCRB, reaffirming that the conduct was a frisk, not a search. The CCRB found the Victim's account of the incident was credited in the complaint, functionally discrediting the account of Detective Hugh in both his documentation at the time of the conduct that led to the complaint as well as testimony he gave regarding his conduct to the CCRB.

---

[1] *United States v. Steele*, 216 F. Supp. 3d 317, 324 (SDNY 2016); citing *United States v. Flaherty*, 295 F.3d 182, 190 (2nd Cor. 2002).

1

Because this substantiated complaint relates to the witness's character for truthfulness and credibility, the Defense should be allowed to cross-examine him on this subject.

**RULE 403**

A Rule 403 balancing test also supports allowing questioning this witness on the substantiated CCRB complaint. The Court has found that admission of substantiated CCRB complaints would be prejudicial in some cases, specifically in causes of action related to excessive force. *See Morales v. City of New York*, 2001 WL 8594, at *6 n.4 (SDNY Jan. 2, 2001) (finding that the substantiated CCRB complaint should be excluded because it "would confuse the jury by offering conclusions regarding the factual issues the jury was to determine.").

Excessive force cases are distinguishable from the present case. The present case does not ask the jury to render a decision on any of the factual allegations in the substantiated CCRB complaint. Rather, this evidence should be introduced because it reflects on the credibility of the witness and their character for truthfulness.

The substantiated CCRB complaint has probative value because it relates to similar conduct as in this case. The subject of the CCRB complaint is a failure of an experienced detective to acknowledge and document the search of a person, resulting in a finding of abuse of authority for an unlawful search of a person. The facts of the complaint involve Detective McHugh responding to an act of violence with a weapon, specifically an alleged armed robbery on an MTA bus with a knife. In the present case, Detective McHugh is testifying to his reporting and documentation of an incident that also involves an act of violence with a weapon. The CCRB complaint was substantiated due to the failure of Detective McHugh to accurately report and document a search. This is impeachment evidence relevant to the witness's credibility and should be allowed.

The substantiated complaint also has probative value because the substantiated complaint deals with recent behavior. *See US v. Robinson*, No. 20-CR-415 KMW (SDNY July 21, 2021) wherein a similar case charging the defendant with being a felon in possession of a firearm the Court found nine years since the conduct detailed in the substantiated complaint lowered the probative value of the evidence and excluded, in part, on this basis. Here, the CCRB complaint was filed in November 2015, and the anticipated testimony from this witness is regarding conduct occurring in April 2017, less than two years since the substantiated CCRB complaint.

The ability to impeach the credibility of a witness goes to the core of the adversarial process and the purpose of cross-examination. This substantiated complaint is a public record reflecting on the character and credibility of the witness, and the jury should be allowed to hear this information when determining the weight of his testimony in the present matter. The Government's concern for a "trial within a trial" could easily be remediated by a limiting instruction, should the Court find it necessary. The Defense requests that the Court allow cross-examination of Detective McHugh on the substantiated CCRB complaint.

s/Marlon G. Kirton
Marlon G. Kirton, Esq.

s/Emilee Sahli
Emilee Sahli, Esq.


cc: Andrew Chan, Assistant United States Attorney (via electronic mail)
    Celia Cohen, Assistant United States Attorney (via electronic mail)
    Emily Johnson, Assistant United States Attorney (via electronic mail)

3