

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 19, 2021

**BY CM/ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Nicholas Joseph*, S2 20 Cr. 603 (PKC)

Dear Judge Castel:

  The Government respectfully submits the following comments and requests in response to the Court's draft jury charge, dated September 15, 2021.

          \*   \*   \*

  The Government agrees that the Court's proposed "uncalled witnesses" charge (p. 17) is warranted and has no objection to the language proposed by the Court.

          \*   \*   \*

  The Government respectfully requests that the Court add the following instructions:

**Inferences**[1]

  I have used the term "infer," and the lawyers in their arguments have asked you to draw inferences. When you draw an inference, you conclude, from one or more established facts, that another fact exists, and you do so on the basis of your reason, experience, and common sense. The process of drawing inferences from facts in evidence is not a matter of guesswork, suspicion, or speculation. An inference is a reasoned, logical deduction or conclusion that you, the jury, may draw – but are not required to draw – from the facts which have been established by either direct or circumstantial evidence. In considering inferences, you should use your common sense and draw from the facts that you find to be proven whatever reasonable inferences you find to be justified in light of your experience.

---

[1] Adapted from the charge given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019); *see also* 1 Modern Federal Jury Instructions-Criminal P 6.01.

Hon. P. Kevin Castel	Page 2
September 19, 2021

**Cooperating Witnesses**[2]

You have heard two witnesses—Angel Arroyo and Christopher Cruz—testify that they were involved in certain crimes and that they provided evidence to the government in exchange for a potential benefit related to punishment for their own criminal conduct. Experience will tell you that the government frequently must rely on the testimony of witnesses who admit participating in crimes. The government must take its witnesses as it finds them, and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such a cooperating witness. Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

It is also the case that cooperating witness testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe. The fact that a witness is cooperating with the government can be considered by you as bearing upon his credibility. The weight to be given to the fact of the witness's cooperation is up to you.

It does not follow, however, that simply because a person has admitted to participating in one or more crimes that he is incapable of giving truthful testimony. Like the testimony of any other witness, cooperating witness testimony should be given such weight as it deserves in light of the facts and the circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his recollection, his background, and the extent to which the testimony is or is not corroborated by other evidence in the case. You are free to accept as much or as little of the witness' testimony as you find credible.

In the same vein, you have heard testimony from Mr. Arroyo and Mr. Cruz that that they each pled guilty to certain crimes. You are to draw no conclusion or inferences of any kind about the guilt of the defendant from the fact that prosecution witnesses pled guilty. The decision of these witnesses to plead guilty was a personal decision that they made about their own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here. That is a determination entirely for you.

\* \* \*

The Government respectfully requests that the Court's instructions be modified as follows (requested line modifications in red underline):

**p. 19**

- <span style="color:red; text-decoration:underline">Unless I specifically instruct you otherwise, y</span>our verdict as to one count should not control your decision as to any other count.

---

[2] Adapted from the charge given in *United States v. Jason Polanco*, 16 Cr. 826 (PAE) (S.D.N.Y. 2019).

**p. 30**
The Government requests that that the language below be added to the "Existence of the Enterprise" instruction and proposes that it be inserted just prior to the last paragraph:

- To constitute an enterprise, a group need not have a name, a hierarchy or chain of command, a set decision-making procedure, regular meetings, dues, established rules and regulations, disciplinary procedures, induction or initiation ceremonies, or the expectation that members serve any kind of roles.[3]

**p. 31**
The Government requests that that the language below be added to the RICO "Interstate Commerce" instruction and proposes that it be inserted at the end of the first paragraph on page 31:

- All narcotics activity, even purely local activity, has an effect on interstate commerce. So if you find that members of the enterprise trafficked in narcotics as part of their membership in the enterprise, you may find this element satisfied.[4]

---

[3] *United States v. White*, 7 F.4th 90, 100 (2d Cir. 2021); *United States v. White*, 2021 WL 3355166 at *3 (2d Cir. 2021) (*quoting Boyle v. United States*, 556 U.S. 938, 948 (2009)).

[4] *See* the charges given in *United States v. Madonna*, 17 Cr. 89 (CS) (S.D.N.Y. 2019) and *United States v. Johnson*, 16 Cr. 281 (PGG) (S.D.N.Y. 2019); *see also Taylor v. United States*, 136 S. Ct. 2074, 2080-81 (2016) (reversing *United States v. Needham*, 604 F.3d 673, 681 (2d Cir. 2010), in which the Second Circuit had held it was error to give such an instruction, and holding that "[t]here is no question that the Government in a Hobbs Act prosecution must prove beyond a reasonable doubt that the defendant engaged in conduct that satisfies the Act's commerce element, but the meaning of that element is a question of law. . . . [Accordingly,] if the Government proves beyond a reasonable doubt that a robber targeted a marijuana dealer's drugs or illegal proceeds, the Government has proved beyond a reasonable doubt that commerce over which the United States has jurisdiction was affected."); *accord United States v. Aquart*, 912 F.3d 1, 17 (2d Cir. 2018) (noting that "the requisite interstate commerce was here satisfied by evidence that the enterprise trafficked in crack cocaine" and, relying on *Taylor*, holding that in the VICAR context, "if the government adduced sufficient evidence to prove that Aquart and his confederates murdered a perceived drug rival, the government has carried its burden to prove that the murder affected interstate commerce.").

Hon. P. Kevin Castel Page 4
September 19, 2021

**p. 34**
- Again, the government must prove that two of these <u>types of</u> acts and offenses were committed, or were intended to be committed, as part of the charged RICO conspiracy. The government need not prove that the defendant himself committed any of these acts or offenses, so long as the government proves that the defendant agreed that any two of these acts would be committed by other co-conspirators. <u>You must be unanimous as to which type or types of acts and offenses the defendant committed or agreed would be committed; for example, two acts of murder or attempted murder, two acts of drug trafficking, two acts of bank fraud, or any combination thereof.</u>[5]

**p. 41**
- Second, that the defendant committed attempted murder or assault with a dangerous weapon, or willfully caus<u>ed</u> the same; and

**p. 43**
- The third element the government must prove with respect to Count Two is that the defendant's purpose in committing <u>or willfully causing</u> the underlying crime was to . . .

**p. 44**
- Count Three charges the defendant with knowingly using and carrying a firearm during and in relation to the assault and attempted murder charged in Count Two. <u>This means that if you find the defendant not guilty of the charge in Count Two, then you cannot consider Count Three.</u> For Count <u>Three</u> the government must prove beyond a reasonable doubt each of the following elements:

**P. 53**
- [*in the paragraph at the top of the page*] It has also been stipulated that this conviction occurred prior to the time that the defendant is alleged to have possessed the <u>firearms and</u> ammunition as charged in the Indictment.

- [*at the end of the first paragraph under "Second Element: Knowingly Possessed"*] *The Government requests that the Court strike*: "Your finding regarding knowing possession must be unanimous in the sense that, as to each Count, all of you must agree on whether the defendant knowingly possessed a firearm, ammunition, or both." *This was requested in error.*

---

[5] *United States v. Applins*, 637 F.3d 59, 82 (2d Cir. 2011)("[W]e conclude that the district's court's instruction was sufficient in requiring unanimity as to the types of predicate racketeering acts that the defendants agreed to commit without requiring a finding of specific predicate acts.").

Hon. P. Kevin Castel  Page 5
September 19, 2021

**p. 54**

The Government requests that the Court add a constructive possession charge at the end of its "Knowingly Possessed" charge for Counts Four and Five and proposes the following language:

- Now, as I have already explained with respect to the possession of narcotics, more than one person can have control over the same object. Moreover, if a person has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody, and that person has the intent to exercise such control, then the person is in what is called constructive possession of that object. These concepts apply equally to firearms and ammunition.

                                                Respectfully submitted,

                                                AUDREY STRAUSS
                                                United States Attorney

                              By:    /s/
                                                Andrew K. Chan / Celia V. Cohen /
                                                Emily A. Johnson
                                                Assistant United States Attorneys
                                                Southern District of New York
                                                (212) 637-1072 / 2466 / 2409

cc:      Counsel of record (by CM/ECF)