UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                          20-cr-603 (PKC)

        -against-                                                  OPINION
                                                                               <u>AND ORDER</u>

NICHOLAS JOSEPH,

                                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

On September 22, 2021, Nicholas Joseph was found guilty at trial on all five counts in the indictment, including racketeering conspiracy in violation of 18 U.S.C. 1962(d), violent crime in aid of racketeering in violation of 18 U.S.C. 1959(a), firearm offense in violation of 18 U.S.C. 924(c), and two counts of felon in possession of a firearm in violation of 18 U.S.C. 922(g). Motions under Rules 29 and 33, Fed. R. Crim. P., were filed on October 25, 2021. Sentencing is set for January 5, 2022 at 2 p.m.

By letter dated October 10, 2021, received on October 27, Joseph submits a pro se declaration urging that his Rule 29 and 33 motion should be granted for reasons not asserted by his counsel, specifically ineffective assistance of counsel. There is no indication of whether Joseph discussed the letter with his attorney or served it on the government. The letter motion to supplement his post-verdict motion will be denied for reasons that follow.

Joseph's post-verdict motions were filed by his existing counsel of record. Supplementation of the existing motions would require terminating existing counsel and appointing new counsel to consider whether the motions should be filed. Because among the grounds asserted by Joseph are counsel's stipulating to evidence over his objection, rejecting his

proposed trial strategy on the motive for a shooting and failing to permit him to plead guilty to one of the counts of the indictment while proceeding to trial on the other counts, they likely would require Joseph to execute a waiver of the attorney-client privilege to permit trial counsel to respond. The sum total of these steps would result in delayed adjudication of the pending motions and delayed sentencing of defendant.

In contrast, denying the supplementation motion and awaiting a post-appeal section 2255 motion (if one becomes necessary) would not prejudice Joseph and would permit him to assert additional ineffective assistance claims relating to the Rule 29 and 33 motions, sentencing and the appeal, all in one motion.

Such deferral is in line with longstanding practice in this Circuit. Judge Gardephe recently denied a motion to reconsider an order denying defendant the opportunity to make a pre-sentencing application premised on ineffective assistance of counsel. He summarized the existing practice on ineffective assistance claims:

> [I]neffective assistance of counsel claims are almost always heard after direct appeal, pursuant to a habeas corpus petition brought under 28 U.S.C. § 2255. See Massaro v. United States, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."); United States v. Fleurimont, 401 F. App'x 580, 583 (2d Cir. 2010) ("[W]e begin with a 'baseline aversion to resolving ineffectiveness claims on direct review.' " (quoting United States v. Salameh, 152 F.3d 88, 161 (2d Cir. 1998))); United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003) (declining to review an ineffective assistance of counsel claim prior to a Section 2255 petition); Rigas v. United States, No. 11-CV-6964 KMW, 2015 WL 3403861, at *14 (S.D.N.Y. May 15, 2015) ("'[C]ollateral issues such as the effectiveness of trial counsel'" should not be heard in a Rule 33 motion.).

United States v. Green, 16 cr 281 (PGG), 2021 WL 2452119, at *7 (S.D.N.Y. June 16, 2021).

- 3 -

Defendant's letter motion to supplement the exiting Rule 29 and 33 motions is denied without prejudice to defendant's right to assert the claims in any post-appeal motion under 28 U.S.C. § 2255.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 9, 2021

COPY MAILED TO: Nicholas Joseph, Register No. 21721-509, MDC Brooklyn, 80 29th Street, Brooklyn, NY 11232