# KIRTON LAW FIRM

*Marlon G. Kirton, Esq.*

*Nassau County:*
*175 Fulton Avenue, Suite 305*
*Hempstead, New York 11550*
*Tel. # (516) 833-5617*
*Fax # (516) 833-5620*

July 15, 2022

VIA ELECTRONIC FILING

Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> Application denied without prejudice to any application made to the BOP.
> SO ORDERED.
> Dated: 7/19/2022
>
> */s/ P. Kevin Castel*
> P. Kevin Castel
> United States District Judge

Re: *United States v. Nicholas Joseph, 20 cr. 603 (PKC)*

Dear Judge Castel:

    I represent Nicholas Joseph in the above-referenced matter. This Court sentenced Mr. Joseph on June 30, 2022. Judgment was entered on July 1, 2022. The defense requests his sentence be reduced by three months on Counts 1 and 2 to consider 90 days of incarceration in a related matter. [1]

## CASE LAW

    A court shall adjust a sentence to include any portion of imprisonment already served on an undischarged term of imprisonment.[2] The court must determine that the prior sentence is relevant conduct with the instant offense.[3] The court must also determine that the Bureau of Prisons (BOP) will not credit the client for the time served by the defendant in the prior case.[4] Furthermore, if the prior sentence is already discharged, the court may downwardly depart so long as the defendant would have qualified under U.S.S.G. 5G1.3 (b).[5] A sentencing court can consider the same issues pursuant to 18 USC 3553 a. A District Court may correct a sentence within 14 days of the entry of judgment.[6]

---

[1] The defense requests that all other aspects of the sentence remain the same.
[2] U.S.S.G. 5G1.3(b)(1).
[3] Id.
[4] Id.
[5] U.S.S.G. 5G1.3, Application Note 5. U.S.S.G. 5K2.23.
[6] FRCP Rule 35 (a).

1

The sentence of imprisonment commences when a defendant is received in custody.[7] A defendant shall be given credit for the service of a term of imprisonment for any time he has spent in official detention before the date the sentence commences.[8] The Second Circuit has held that the BOP determines the commencement of a sentence.[9]

## ARGUMENT

In the case at bar, Mr. Joseph was arrested on July 10, 2020[10], in Bronx County for possessing a firearm. He was held on bail for approximately 90 days before being released. The weapons charge was dismissed in state court and became Count 4 of the instant indictment. The defense believes that the Bronx arrest is relevant conduct because it involves the identical facts and circumstances of Count 4 of the indictment in this case. The BOP has not promulgated his release date as of today. However, they will likely calculate the commencement of the sentence from December 11, 2020;[11] the day federal authorities arrested him. This Court sentenced Mr. Joseph to 144 months on both Counts 1 and 2.

The defense requests that Mr. Joseph be resentenced to 141 months on both Counts 1 and 2 of the indictment. Alternatively, the Court may wait until the BOP completes Mr. Joseph's release date and adjust his sentence if they do not credit him for the three months he served in the related case. The defense believes that this is a technical error with the meaning of Rule 35.

Please contact me if you have any questions or concerns.

Sincerely,

s/Marlon G. Kirton
Marlon G. Kirton, Esq.


cc: Andrew Chan, Assistant United States Attorney (via electronic mail)
    Celia Cohen, Assistant United States Attorney (via electronic mail)
    Emily Johnson, Assistant United States Attorney (via electronic mail)
    Emilee Sahli, Associate Counsel (via electronic mail)

---

[7] *18 USC 3585 (a).*
[8] *18 USC 3585 (b).*
[9] *United States v. April*, 854 Fed. Appx. 410 (2nd Cir. 2021); *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2nd Cir. 1998); *United States v. Gonzalez,* 192 F.3d 350, 353 (2nd Cir. 1999).
[10] *Final PSR,* pages 8-9, paragraph 26.
[11] *Final PSR,* page 2.

2